Patrick R. Leverty, Esq., NV Bar No. 8840
**LEVERTY & ASSOCIATES LAW, CHTD.**
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Fax: (775) 322-3953
Email: pat@levertylaw.com

[Proposed] Liaison Counsel for Plaintiffs

Laurence M. Rosen, Esq.
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDRIC ELLIOTT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHINA GREEN AGRICULTURE, INC., TAO LI, YING YANG, and KEN REN, <br><br> Defendants. | Case No.: 3:10-CV-00648-LRH-(RAM) <br><br> **THE RADER GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Hon. Larry R. Hicks |

1

1  James Rader and James Greenshields (the "Rader Group" or "Movant") will, and do, move this Court for an order granting the Movant's Motion: (1) for appointment as Lead Plaintiff of the Class; and (2) for approval of the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and Leverty & Associates Law, Chtd. as Liaison Counsel for the Class.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), on the grounds (1) that Movant should be appointed Lead Plaintiff for the class of all purchasers of the securities of China Green Agriculture, Inc. ("China Green" or the "Company") during the period between November 12, 2009 and September 1, 2010, inclusive (the "Class Period") as the Movant has timely made the Motion and is the "most adequate plaintiff"; (2) that Movant meets the requirements of Rule 23 of the Federal Rules of Civil Procedure for the purposes of this Motion in that the Movant's claims are typical of the other class members' claims and Movant will fairly and adequately represent the class; and (3) that Movant's selection of the Rosen Law Firm, P.A. as Lead Counsel and Leverty & Associates Law, Chtd. as Liaison Counsel should be approved as the firms are well qualified and have extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence Rosen, and a proposed order.

DATED: This 14th Day of December, 2010.

/S/ *Patrick Leverty*
Patrick R. Leverty
**LEVERTY & ASSOCIATES LAW, CHTD.**
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636
Fax: (775) 322-3953
Email: **pat@levertylaw.com**

[Proposed] Liaison Counsel for Plaintiffs

-and-

1

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Laurence M. Rosen, Esq.  
**THE ROSEN LAW FIRM, P.A.**  
275 Madison Avenue, 34th Floor  
New York, New York 10016  
Telephone: (212) 686-1060  
Fax: (212) 202-3827  
Email: **lrosen@rosenlegal.com**  
Email: **pkim@rosenlegal.com**  

[Proposed] Lead Counsel for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

James Rader and James Greenshields (the "Rader Group" or "Movant") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

 (a) appointing the Rader Group as Lead Plaintiff for the class of all purchasers of common stock of China Green Agriculture, Inc. ("China Green" or the "Company") during the period between November 12, 2009 and September 1, 2010, inclusive (the "Class Period"); and

 (b) approving the Rader Group's selection of The Rosen Law Firm P.A. as Lead Counsel for the class, and Leverty & Associates Law, Chtd. as Liaison Counsel for the class.

## II. BACKGROUND[1]

Defendant China Green is a corporation incorporated under the laws of Nevada with headquarters in the Shaanxi province in the People's Republic of China ("PRC"). During the Class Period China Green maintained executive offices at: 3rd Floor, Borough A, Block A, No. 181, South Taibai Road, Xi'an, Shaanxi Province, People's Republic of China, 710065. China Green, together with its subsidiaries, engages in the research, development, manufacture, and distribution of humic acid based compound fertilizers in China.

On October 15, 2010, a law firm filed a class action complaint (the "Complaint"; Docket No. 1) in the above captioned-action against the Company and certain of its officers and directors for violations of the Sections 10(b) and 20(a) of the Exchange Act. On that same date, a law firm issued a PSLRA early notice

---

[1] The majority of the factual information and allegations detailed below are taken from the initial complaint filed in the above-captioned action on October 15, 2010 (Docket No. 1).

3

advising potential class members of the pendency of the action and class members' right to seek appointment as lead plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1.

The Complaint alleges that China Green and certain of its officers and directors violated Sections 10(b) and 20(a) of Exchange Act by issuing materially false and misleading statements about the Company's financial performance. On November 11, 2010, the day before the start of the Class Period, China Green issued a press release announcing its first quarter fiscal year 2010 financial results. Following this, a number of questions and concerns arose with respect to the Company's recent land purchase in the PRC and certain discrepancies between its filings with the SEC and its filings with Chinese financial regulatory authorities. In particular, the Complaint alleges that Chinese regulators, contrary to the China Green's filings with the SEC, have no record of the Company's main subsidiary paying corporate income taxes in 2009. Moreover, the Company, despite its representations, has allegedly failed to make Value Added Tax payments to Chinese authorities, constituting a shortfall of nearly $15,000,000 (i.e., the amount that remains payable).

On June 7, 2010, the International Financial Research & Analysis Group ("IFRA") issued a private report substantiating the allegations of the Complaint. Defendants' false and misleading statements caused China Green's common stock to trade at artificially inflated levels throughout the Class Period. However, as inflation was taken out of the price due to the effects of prior disclosures stemming from IFRA's Report, China Green's common stock price fell approximately 6% percent in intra-day trading following the Company's earnings release on September 1, 2010. As a result of these adverse events, both Movant and the Class have been damaged.

## ARGUMENT

### III.   THE MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at * 2 (N.D. Cal. Apr. 16, 2007); (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, Movant satisfies the above criteria and is the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A.   The Movant is Willing to Serve as Class Representative

The Rader Group has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in the PSLRA certifications of the members of the Rader Group, filed concurrently herewith, each member has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, the Rader Group satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.   The Movant Has The Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at

730.  While the PSLRA does not specify how to calculate the "largest financial interest", the approximate losses suffered are the most determinative. *Richardson*, 2007 WL 1129344 at * 4 (citing cases).  The financial interests of the members of the Rader Group are set forth below.

Mr. Rader purchased 3,650 shares of China Green common stock during the Class Period at a cost of $59,947.00.  Mr. Rader sold all of his shares for $28,973.00, thereby suffering a loss of $30,974.00.  *See* Rosen Decl., Ex. 3.

Mr. Greenshields purchased 27,500 shares of China Green common stock during the Class Period at a cost of $432,365.67. Mr. Greenshields sold 17,300 of these shares for $269,598.13, and retained the remainder, thereby suffering a loss of $73,925.54[2]. *Id.*

With $104,899.54 in total losses, the Rader Group is not aware of any other movant that has suffered greater losses in China Green securities during the Class Period.  The Rader Group is small enough that coordinated decision making will not present difficulties.  1The SEC has noted, and numerous courts have held, that small groups whose members all have suffered substantial losses, such as the Rader Group, are suitable lead plaintiffs. *See e.g. In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); *In re Tyco Int'l Ltd. Sec. Litig.*, 2000 WL 1513772, at *4 n.7 (D.N.H. Aug. 17, 2000); *In re The First Union Corp. Sec. Lit.*, 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C.1999); *In re Universal Access, Inc., Sec. Lit.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); and *In re Oxford Health Plans, Inc. Sec. Lit.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (co-lead plaintiff group allows for broad representation and sharing of resources and experience).

---

[2]  In determining losses for held shares, the Movant uses the average daily closing price of the Company's common stock between the end of the Class Period and November 30, 2010—the 90 day lookback price, $8.71. *See In re MicroStrategy, Inc. Secs. Litig.,* 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period price to held shares); 15 U.S.C. §78u-4(e)(1).

6

Accordingly, the Rader Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

The Rader Group and each of its members fulfill all of the pertinent requirements of Rule 23. Each member shares substantially similar questions of law and fact with the members of the class and their claims are typical of the members of

the class. Each of the Rader Group members and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading financial statements about its business. The Rader Group and its members, as did all of the members of the Class, purchased China Green stock at prices artificially inflated by Defendants' misrepresentations and omissions and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the Group's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Rader Group as Lead Plaintiff.

### D. The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)  will not fairly and adequately protect the interest of the class; or

    (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses Defendants could raise against any one of them that would render them inadequate to represent the class. Accordingly, the Court should appoint the Rader Group as Lead Plaintiff for the class.

### IV. THE MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The

Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Rader Group has selected The Rosen Law Firm as Lead Counsel and Leverty & Associates Law as Liaison Counsel. The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the Rosen Law Firm and Leverty & Associates Law are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Rosen Decl., Exs. 4 -5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the Class will receive the best legal representation available.

## V.   CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order: (a) appointing the Rader Group as Lead Plaintiff of the class; (b) approving The Rosen Law Firm, P.A. as Lead Counsel and Leverty & Associates Law, Chtd. as Liaison Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: December 14, 2010

Respectfully submitted,

/S/ *Patrick Leverty*
Patrick R. Leverty
**LEVERTY & ASSOCIATES LAW, CHTD.**
832 Willow Street

Reno, Nevada 89502
Telephone: (775) 322-6636
Fax: (775) 322-3953
Email: **pat@levertylaw.com**

[Proposed] Liaison Counsel for Plaintiffs

-and-

Laurence M. Rosen, Esq.
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: **lrosen@rosenlegal.com**
Email: **pkim@rosenlegal.com**

[Proposed] Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                        /S/ *Patrick Leverty*
                                        Patrick R. Leverty