**BOWEN HALL OHLSON & OSBORNE**
Dan C. Bowen, Esq.
dbowen@bowenhall.com
Nevada Bar No. 1555
555 South Center Street
Reno, Nevada  89501
Tel: (775) 323-8678
Fax: (775) 786-6631

*Proposed Liaison Counsel*

**SAXENA WHITE P.A.**
Joseph E. White, III
jwhite@saxenawhite.com
Lester R. Hooker
lhooker@saxenawhite.com
2424 N. Federal Hwy, Suite 257
Boca Raton, FL  33431
Tel: (561) 394-3399
Fax: (561) 394-3382

*Proposed Lead Counsel for the China Green Investor Group*

**RIGRODSKY & LONG, P.A.**
Seth Rigrodsky
sd@rigrodskylong.com
Brian D. Long
bdl@rigrodskylong.com
Timothy MacFall
tjm@rigrodskylong.com
919 North Market Street, Suite 980
Wilmington, DE  19801
Tel: (302) 295-5310
Fax: (302) 654-7530

*Attorneys for Giuliano Lazzeretti*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein
reed@hbsslaw.com
Peter E. Borkon
peterb@hbsslaw.com
715 Hearst Ave, Suite 202
Berkeley, CA  94710
Tel: (510) 725-3000
Fax: (510) 725-3001

*Attorneys for Thomas Johnston*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDRIC ELLIOTT, Individually, and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CHINA GREEN AGRICULTURE, INC., TAO LI, YING YANG, and KEN REN,<br><br>　　　　　　　Defendants. | Case No.  3:10-CV-00648-LRH-RAM<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO APPOINT THE CHINA GREEN INVESTOR GROUP AS LEAD PLAINTIFF AND APPROVE OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL** |

I.  **INTRODUCTION**

Class members Thomas Johnston, Giuliano Lazzeretti, Thuan Ly, Christina Galbraith, and Charles White (collectively, the "China Green Investor Group" or "Movant") respectfully submit this Memorandum of Points and Authorities in support of a motion for: (1) appointment as Lead Plaintiff in the above-referenced action pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, (2) approval of the selection of the law firm of Saxena White P.A. ("Saxena White") as Lead Counsel, and (3) approval of Bowen Hall Ohlson & Osborne ("Bowen") as Liaison Counsel, pursuant to the PSLRA.

The China Green Investor Group, as set forth in the accompanying certifications incorporated by reference herein, purchased securities of China Green Agriculture, Inc. ("China Green" or the "Company") between November 12, 2009 and September 1, 2010, inclusive (the "Class Period"), at artificially inflated prices as a result of Defendants' violations of federal securities laws. As demonstrated herein, Movant[1] incurred substantial losses in connection with its transactions in China Green securities during the Class Period, and will fairly and adequately represent the Class in its vigorous prosecution of this litigation.

II. **PRELIMINARY STATEMENT**

On October 15, 2010, Fredric Elliott ("Elliott") commenced a securities class action on behalf of all persons who purchased or otherwise acquired China Green securities during the Class Period, and against certain officers or directors of the Company (the "Individual Defendants" and, collectively, "Defendants") for violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA, and Rule 10b-5 promulgated thereunder. The action

---

[1] Movant's transactions in China Green securities during the Class Period are set forth in the Johnston, Lazzeretti, Thuan, Galbraith, and White Certifications, dated December 9, 2010, December 2, 2010, October 17, 2010, October 25, 2010, and December 4, 2010, respectively, and are attached in Exhibit B to the Declaration of Joseph E. White, III (the "White Decl."). A chart setting forth Movant's losses is also attached as Exhibit C to the White Decl.

2

was brought in connection with the Company's materially misleading statements and omissions in multiple filings with the Securities Exchange Commission ("SEC") during the Class Period, for which Defendants are liable under the Exchange Act.

On October 15, 2010, Elliott published a notice to class members on *Globe Newswire*, as required by the PSLRA (the "Notice"). The Notice advised those who purchased or otherwise acquired China Green common stock during the Class Period of the existence of a lawsuit against Defendants and the nature of Defendants' conduct in issuing multiple false and misleading statements and/or omissions regarding the Company's true financial condition. In addition, the Notice discussed allegations regarding the material differences between the Company's documents filed with the SEC in comparison to documents filed with Chinese authorities. The Notice advised class members of their right to move the Court to be appointed Lead Plaintiff within 60 days of the date of publication of the Notice.[2]

Pursuant to the PSLRA, this Court should appoint as Lead Plaintiff the movant or group of movants that has demonstrated the "largest financial interest in the litigation" and also meets the typicality and adequacy prongs of Fed. R. Civ. P. 23. *See* 15 U.S.C. 78u-4(a)(3)(B)(iii). The China Green Investor Group has suffered estimated losses of $137,271.57. To the best of its knowledge, Movant's combined losses represent the largest known financial interests of any Class member seeking to be appointed Lead Plaintiff. Movant is not aware of any other class members who filed an action or filed an application for appointment as Lead Plaintiff that sustained greater financial losses. In addition, Movant satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as Lead Plaintiff in the action. Thus, as demonstrated herein, Movant is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff.

---

[2] A true and correct copy of the Notice is attached to the White Decl. as Exhibit A.

### III. STATEMENT OF FACTS[3]

China Green is a Nevada corporation, which is actively traded on the NYSE, and has executive offices located in Xi'an, Shaanxi Province, in the People's Republic of China.  ¶11.  Beginning on November 11, 2009, the Company commenced a pattern of filing misleading statements and/or omissions concerning multiple aspects of its true financial condition.  ¶¶31-32.  These included references to, generally: (i) tax accounting positions, (ii) disparities in Value Added Taxes "VAT" reported to Chinese Officials versus those reported to the SEC, (iii) discrepancies in land acquisition taxes, and (iv) notable differences between sales figures and net income figures.  *See* ¶¶31-54.  These statements were false and misleading because they failed to disclose the Company's true financial condition and led to China Green's stock being materially inflated at all relevant times.  ¶¶54-55.

Further, the Company has failed to sufficiently address concerns raised by analysts and research groups such as Financial Research & Analysis Group ("IFRA"), regarding China Green's suspicious financial statements and activities.  *See* ¶¶31, 43-52.   When these developments and reports were made public, they caused the Company's stock to fall on September 1, 2010 by approximately 6%.  ¶67.

The *Elliott* complaint alleges that, in public SEC filings and press releases throughout the Class Period, Defendants made materially false and misleading statements and/or omissions about China Green's financial condition and business prospects.  ¶¶54-55.  Defendants attempted to deceive the market and accordingly caused China Green's securities to become artificially inflated.  ¶¶56-57, 59.  When the public found out about the Company's material misstatements and/or omissions regarding its financial condition and business prospects, the price of China Green's securities decreased and shareholders were substantially damaged. ¶¶53, 59.

---

[3] These facts were derived from the allegations contained in the class action styled as *Elliott v. China Green Agriculture, Inc., et al.*, Case No. 3:10-cv-00648-LRH-RAM (D.Nev. Filed on Oct. 15, 2010). .

4

CASE NO. 3:10-CV-00648-LRH (RAM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHINA GREEN INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

## IV. ARGUMENT

As discussed below, the China Green Investor Group satisfies each of the three requirements set forth in the PSLRA and is qualified for appointment as Lead Plaintiff for the Class in the action. Movant also seeks approval by this Court of its selection of Lead Counsel and Liaison Counsel for the Class

### A. The China Green Investor Group Should Be Appointed Lead Plaintiff

#### i. The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure that governs the appointment of a Lead Plaintiff or Lead Plaintiffs in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i). Specifically, the PSLRA provides that, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs who filed the initial complaint shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (i) of the pendency of the action, the claims asserted therein, and the purported class period; and, (ii) that not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiffs of the purported class. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, a notice was published on October 15, 2010 on *Globe Newswire* advising class members of the pendency of the action and that any class member wishing to serve as Lead Plaintiff must move for appointment by December 14, 2010. *See* White Decl., Exhibit A.

Furthermore, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice within 60 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motions to consolidate any actions asserting substantially the same claim or claims.

5

CASE NO. 3:10-CV-00648-LRH (RAM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHINA GREEN INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

Under this section, the court "shall" appoint the "most adequate plaintiff," and is to presume that such plaintiff is the person, or group of persons, which:

    a. has either filed the complaint or made a motion in response to a notice…

    b. in the determination of the court, has the largest financial interest in the relief sought by the class; and

    c. otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Section 21D (a)(3)(B)(iii)(I).

As discussed below, Movant has complied with the procedural prerequisites of the PSLRA.  Moreover, Movant believes that it has the largest combined financial interest in the litigation, and otherwise meets the relevant requirements of Rule 23

    **ii.**     **The China Green Investor Group Constitutes "The Most Adequate Plaintiff"**

        **1.**     **Movant's Motion for Appointment As Lead Plaintiff is Timely**

Under the deadlines established by the PSLRA, any class members interested in moving for the appointment as Lead Plaintiff in this matter must do so within 60 days of the date of publication of the notice of the first filed action, or by December 14, 2010.  15 U.S.C. §78u-4(a)(3)(A) and (B).  Because this Motion is filed within the requisite time frame after publication of the notice, Movant's motion is timely.

        **2.**     **Movant Has the Largest Financial Interest In The Litigation**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall presume that the most adequate plaintiff is the "person or group of persons" that represent(s) the largest financial interest in the relief sought by the action and who also meets the requirements of Rule 23. During the Class Period, as evidenced by, among other things, the accompanying signed certifications and loss charts (*see* White Decl. Exhibits B and C), Movant incurred a total combined loss of $137,271.57 on its transactions in China Green shares. Accordingly, the China

6

CASE NO. 3:10-CV-00648-LRH (RAM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHINA GREEN INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

Green Investor Group believes that it has the largest financial interest in the litigation and that it satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4 (a)(3)(B);  *see also In re MGM Mirage Sec. Litig.*, 2010 WL 4316754, at *2 (D.Nev. October 25, 2010) (appointing one movant as co-lead plaintiff based solely on the fact that it had the largest financial interest out of all movants for lead plaintiff);  *Fosbre v. Las Vegas Sands Corp.*, 2010 WL 3522278, at *3 (D.Nev. Aug. 31, 2010) (appointing as lead plaintiff the movant with the largest financial interest in the litigation).

### 3. <u>Movant Otherwise Satisfies Rule 23</u>

In addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to be the presumptively most adequate plaintiff.  15 U.S.C. §78u-4(a)(3)(B).  To that end, Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy—are relevant in the Lead Plaintiff analysis.  Consequently, in deciding the motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until Lead Plaintiff moves for class certification.  *See In re Cavanaugh*, 306 F.3d at 726, 730 (9th Cir. 2002).

This interpretation is supported by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only by proof that a plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such

7

CASE NO. 3:10-CV-00648-LRH (RAM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHINA GREEN INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### a. **Movant's Claims Are Typical of the Class Claims**

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The typicality requirement of Rule 23(a) is satisfied when "a plaintiff demonstrates that he has suffered the same or similar injury as the absent class members, which resulted from the same course of conduct by the defendants." *Stocke v. Shuffle Master, Inc.*, 2007 WL 4267723, at *2 (D.Nev. Nov. 30, 2007), citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Since the *Elliott* complaint seeks to prove that Defendants committed the same unlawful acts in the same methods against an entire class, and all members of this class have "reasonably co-extensive" claims, the typicality requirement of Rule 23(a)(3) is therefore satisfied. *See Fosbre v. Las Vegas Sands Corp.*, 2010 WL 3522278, at *2, quoting *Hanon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The China Green Investor Group seeks to represent a class of purchasers of China Green common stock that have reasonably co-extensive, non-competing, and non-conflicting interests, and satisfy the typicality requirement because they: (a) purchased China Green shares during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants, and (b) were damaged by Defendants' alleged violations of the federal securities laws. The China Green Investor Group's claims meet the typicality requirement, since all the claims arise out of the same course of events, are based on the same legal theories and questions of liability are common to all proposed class members. *See In re MGM Mirage Sec. Litig.*, 2010 WL 4316754, at *3 (D.Nev. Oct. 25, 2010).

### b. **Movant Will Fairly and Adequately Protect the Interests of the Class**

8

CASE NO. 3:10-CV-00648-LRH (RAM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHINA GREEN INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

Rule 23(a) further requires that the class representative fairly and adequately represent the class. In determining whether a representative will fairly and adequately represent the class, courts assess: (i) whether the interests of the class representatives coincide with those of the class, and (ii) whether the class representative has the ability to prosecute the action vigorously. *In re MGM Mirage Sec. Litig.*, 2010 WL 4316754, at *2; *Stocke v. Shuffle Master, Inc.*, 2007 WL 4262723, at *3.

Movant will more than adequately represent the interests of the class. First, Movant's interests are clearly aligned with the interests of the members of the proposed class, and there is no antagonism or conflict whatsoever between their respective interests and the interests of the class members. As detailed above, Movant shares substantially similar questions of law and fact with the members of the class, and its claims are typical of the members of the class. Second, Movant has amply demonstrated its adequacy as a class representative by signing certifications affirming its willingness to serve as and assume the responsibilities of a Lead Plaintiff. *See* White Decl. Exhibit B. Furthermore, having suffered substantial losses as a result of Defendants' misrepresentations and/or omissions, Movant will be a zealous advocate on behalf of the class. Finally, Movant's proposed Lead Counsel, Saxena White is highly qualified and has extensive experience in successfully prosecuting securities class actions, as discussed *infra*. *See* White Decl., Exhibit D.

Thus, the close alignment of interests between the China Green Investor Group and the other class members, and their strong desire to prosecute this action on behalf of the class, provide ample justification to appoint Movant as Lead Plaintiff in this litigation. Accordingly, Movant satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion and should be appointed as Lead Plaintiff.

9

CASE NO. 3:10-CV-00648-LRH (RAM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHINA GREEN INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

**B.     The Court Should Approve Movant's Choice of Lead Counsel and Liaison Counsel**

Pursuant to the PSLRA, Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class.  15 U.S.C. §78u-4(a)(3)(B)(v).  Moreover, the Court should not disturb Lead Plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class."  *See* Statement of Managers—The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H14691-08, at H13700 (daily ed. Nov. 28, 1995); *see also In re Cavanaugh*, 306 F.3d 726, 732-733 (9th Cir. Cal. 2002) (The court should honor the Lead Plaintiff's selection of counsel except in extreme circumstances, where the selection of counsel appears "irrational" or is otherwise clearly against the interests of the class members).  Lead Counsel is responsible for "formulating . . . and presenting positions on substantive and procedural issues during the litigation."  Manual for Complex Litigation (Fourth) § 10.221 (2005).  Lead Counsel would also be responsible for appearing before the court, conducting discovery, working with opposing counsel, and performing all aspects of the litigation.  *Id.*

The China Green Investor Group has selected the law firm of Saxena White to serve as Lead Counsel to pursue this litigation on its behalf and on behalf of the Class.  Saxena White possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  As demonstrated by its firm resume, Saxena White has been appointed as Lead or Co-Lead Counsel in landmark, precedent-setting class actions.  *See* White Decl., Exhibit D.

For instance, Saxena White is a well-established, nationwide firm with an extensive and impressive track record of prosecuting complex lawsuits, including securities class actions, shareholder derivative cases and merger & acquisition litigation.  With offices in Florida, Massachusetts, and Montana, Saxena White is well-positioned to handle complex shareholder litigation across the country.  In litigating securities class actions, shareholder derivative actions,

10

CASE NO. 3:10-CV-00648-LRH (RAM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHINA GREEN INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

breach of fiduciary duty class actions, merger & acquisition challenges and consumer class actions, Saxena White has repeatedly demonstrated an ability to provide plaintiffs with superior representation as Lead Counsel. The firm's considerable efforts have led to groundbreaking settlements and judgments resulting in a collective recovery in the hundreds of millions of dollars. In addition, Saxena White has been involved in groundbreaking litigations resulting in significant monetary benefits for shareholders totaling hundreds of millions of dollars. Courts throughout the country have recognized that Saxena White has the experience and resources to successfully and efficiently prosecute complex class and derivative actions as Lead and Co-Lead Counsel.

For instance, acting as sole Class Counsel in a securities fraud action against SIRVA, Inc., Saxena White gained final approval from the Northern District of Illinois of a $53.3 million settlement for shareholders. *See Central Laborers' Pension Fund v. SIRVA, Inc., et. al.*, No. 04 CV-07644 (N.D. Ill. November 2, 2007). In addition to the monetary component of the settlement, SIRVA made significant reforms to its internal controls policies, including discarding the SIRVA Board of Directors plurality standard for director elections, and strengthening requirements regarding director attendance at shareholder meetings. The development and implementation of these reforms (which the company recognized was a main result of the litigation) was truly a testament to the negotiating and litigation acumen that Saxena White demonstrated during the course of this complex action.

The Western District of Texas, El Paso Division, granted final approval of a $4,500,000 securities fraud class action settlement in which Saxena White served as sole Class Counsel. *See In re Helen of Troy Limited Securities Litigation*, No. EP-05-CA-431-H (W.D. Tex. June 19, 2008).

Further, the Honorable William S. Duffey, Jr. of the Northern District of Georgia, also noted that Saxena White's lawyers act with "dignity and respect," produce "well-done pleadings," are "thorough [and] insightful," and "fight[] as hard but as honestly and professionally as they can for the interest of their clients." *In re Freidman's Sec. Litig.*, 1:03-CV-3475-WSD (N.D. Ga. Feb. 5, 2009).

Similarly, the Honorable Judge Jed S. Rakoff, a noted Judge of the Southern District of New York, recognized that Saxena White had performed "excellent work" in this "important case" on behalf of Merrill Lynch and its shareholders worldwide. *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litig.*, 4:07 Civ. 9633 (JSR) (S.D.N.Y. Jan. 20, 2009).

In approving the settlement in *Klien v. FPL Group, Inc.*, Judge Alan S. Gold recognized that the action presented "complex and novel legal issues…[where] the likelihood of success for Plaintiffs at the outset of the case was very low."  In approving the exceptional settlement that was eventually reached after years of hard fought litigation, Judge Gold stated:

> Plaintiffs' counsel, a highly experienced group of lawyers with national reputations in large securities class actions, recovered an unprecedented amount of money for shareholders as a result of this settlement - $22.25 million in addition to sweeping corporate governance changes which FPL Group has agreed to implement.[4]

In terms of derivative litigation, Saxena White is also currently serving as Co-Lead Counsel in one of the most significant derivative cases in the nation, *In re Bank of America Corp. Securities, Derivative and ERISA Litigation*, No. 09-MD-2058 (S.D.N.Y.).  The firm was appointed as Co-Lead Counsel from amongst numerous firms, with Judge Chin expressly noting that **Saxena White is "*experienced and qualified to serve as lead counsel."***

Additionally, Movant has selected Bowen to serve as Liaison Counsel.  Bowen is a boutique law firm representing businesses and individuals in all aspects of civil and commercial

---

[4] *Klien v. FPL Group, Inc.*, Case No. 02-20170-civ-Gold (S.D. Fla. Nov. 23, 2004) (Order and Final Judgment of Dismissal at 9).

12

CASE NO. 3:10-CV-00648-LRH (RAM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHINA GREEN INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

litigation. Partners Dan C. Bowen and Ann O. Hall have over 50 years combined experience in the legal field. *See* White Decl. Exhibit D.  Bowen has served as counsel in dozens of class action cases, most recently in the following Nevada class actions: *Kroshus v. TCID, et al*, Case No. CV08-00246; *In Re Arena Resources*, Case No. CV10-01069; *Rosen v. Harbin Electric, Inc.*, Case No. CV10-3283; *Smitherman v. American Oil & Gas, Inc.*, CV10-00513; and *Sobel v. Hertz Corporation, et al.*, Case No. CV06-00545 (all active within the last year).

V.   **CONCLUSION**

For these reasons, Movant respectfully requests that this Court: (i) appoint Movant as Lead Plaintiff in the action, (ii) approve of Movant's selection of Saxena White as Lead Counsel for the class, and (iii) approve of Movant's selection of Bowen as Liaison Counsel.

Dated: December 14, 2010

/s/Dan C. Bowen
Dan C. Bowen, Esq.
dbowen@bowenhall.com
**BOWEN HALL OHLSON & OSBORNE**
555 South Center Street
Reno, Nevada 89501
Tel: (775) 323-8678
Fax: (775) 786-6631

*Proposed Liaison Counsel*

**SAXENA WHITE P.A.**
Joseph E. White, III
jwhite@saxenawhite.com
Lester Hooker
lhooker@saxenawhite.com
2424 N. Federal Highway
Suite 257
Boca Raton, FL 33431
Tel: (561) 394-3399
Fax: (561) 394-3082

*Proposed Lead Counsel for the China Green Investor Group*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein

13

reed@hbsslaw.com
Peter E. Borkon
peterb@hbsslaw.com
715 Hearst Ave, Suite 202
Berkeley, CA  94710
Tel: (510) 725-3000
Fax: (510) 725-3001

*Attorney for Thomas Johnston*

**RIGRODSKY & LONG, P.A.**
Seth Rigrodsky
sd@rigrodskylong.com
Brian D. Long
bdl@rigrodskylong.com
Timothy MacFall
tjm@rigrodskylong.com
919 North Market Street, Suite 980
Wilmington, DE  19801
Tel: (302) 295-5310
Fax: (302) 654-7530

*Attorneys for Giuliano Lazzeretti*

14

CASE NO. 3:10-CV-00648-LRH (RAM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHINA GREEN INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14$^h$ day of December, 2010, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

<i>/s//Dan C. Bowen</i><br>Dan C. Bowen

CASE NO. 3:10-CV-00648-LRH (RAM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CHINA GREEN INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL