# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDRIC ELLIOTT, Individually, and On Behalf of All Others Similarly Situated,

        Plaintiff,

vs.

CHINA GREEN AGRICULTURE, INC., TAO LI, YING YANG, and KEN REN,

        Defendants.

) Case No.  3:10-CV-00648-LRH-RAM
)
) CLASS ACTION
)
) **ORDER GRANTING THE MOTION OF THE CHINA GREEN INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD AND LIAISON COUNSEL**

Having considered the papers filed in support of the Motion of class members Thomas Johnston, Giuliano Lazzeretti, Thuan Ly, Christina Galbraith, and Charles White (collectively, "Movant" or the "China Green Investor Group") for Appointment of Lead Plaintiff, and Approval of Its Selection of Lead Counsel and Liaison Counsel pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"), and for good cause shown, the Court hereby enters the following Order:

**I.     APPOINTMENT OF LEAD PLAINTIFF, LEAD COUNSEL AND LIAISON COUNSEL**

1. Movant has moved this Court to be appointed as Lead Plaintiff in the action and to approve the counsel it retained to be Lead Counsel and Liaison Counsel.

2. Having considered the provisions of § 21D(a)(3)(B) of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B), the Court hereby determines that Movant is the most adequate plaintiff and satisfies the requirements of the PSLRA.  The Court hereby appoints Movant as Lead Plaintiff to represent the interests of the class in the above-captioned action.

3.      Pursuant to §21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Movant has selected and retained the law firm of Saxena White P.A. ("Saxena White") as Lead Counsel, and the law firm of Bowen Hall Ohlson & Osborne ("Bowen") to serve as Liaison Counsel. The Court approves Movant's selection of Lead Counsel and Liaison Counsel for the above-captioned action.

4.      Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    a.   to coordinate the briefing and argument of any and all motions;

    b.   to coordinate the conduct of any and all discovery proceedings;

    c.   to coordinate the examination of any and all witnesses in depositions;

    d.   to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

    e.   to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f.   to coordinate all settlement negotiations with counsel for defendants;

    g.   to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

    h.   to coordinate the preparation and filings of all pleadings; and

    i.   to supervise all other matters concerning the prosecution or resolution of the Consolidated Actions.

5.      No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative

pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Lead Counsel.

6. Service upon any plaintiff of all pleadings in this action, except those specifically addressed to a plaintiff other than Lead Plaintiffs, shall be complete upon service of Lead Counsel.

7. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, shall direct and coordinate the activities of plaintiffs' counsel, and shall assign and supervise any work that Lead Counsel deems appropriate for all plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

## II. NEWLY-FILED OR TRANSFERRED ORDERS

8. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. make the appropriate entry in the docket for this action.

9. Each new case which arises out of the subject matter of the above-captioned action that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on

counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

10. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE LARRY R. HICKS
UNITED STATES DISTRICT COURT JUDGE