UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FREDERIC ELLIOT,

Plaintiff,

v.

CHINA GREEN AGRICULTURES, INC.; et al.,

Defendants.

3:10-CV-0648-LRH-WGC

ORDER

Before the court are defendants' various motions to dismiss. Doc. ##90, 96, 102.[1] Also before the court are defendants' motions to strike. Doc. ##94, 103.

**I. Facts and Procedural History**

Defendant China Green Agriculture, Inc. ("China Green") is a Nevada corporation headquartered in the Shaanxi province of the People's Republic of China. China Green, together with its subsidiaries, engages in the research, development, manufacture, and distribution of humic acid based compound fertilizers. In December 2007, China Green completed an alternative public opening to become a public company in the United States whose securities currently trade on the New York Stock Exchange ("NYSE").

On July 24, 2009, China Green issued a secondary offering of its securities ("the July 2009

[1] Refers to the court's docket number.

Offering"). Through the July 2009 Offering, China Green issued 3.5 million shares of common stock to investors at a set price of $7.45 a share. In connection with this offering, China Green filed prospectus and registration statements with the Securities and Exchange Commission ("SEC"). Defendant Roth Capital Partners, LLC ("Roth") served as underwriter for the July 2009 Offering.

On November 25, 2009, and again on December 17, 2009, China Green issued another secondary offering ("the December 2009 Offering"). Through the December 2009 Offering, China Green issued over one million shares of common stock at $15.60 per share. In connection with the offering, China Green filed additional prospectus and registration statements with the SEC. Defendant Rodman & Renshaw LLC ("Rodman") acted as the underwriter for the December 2009 Offering.

On October 15, 2010, named plaintiff Fredric Elliot filed an initial class action complaint for violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78, against China Green and individual defendants Tao Li ("Li"), Chief Executive Officer and Chairman of the Board of Directors; Ying Yang ("Yang"), Chief Financial Officer until April 23, 2010; and Ken Ren ("Ren"), Chief Financial Officer as of April 23, 2010. Doc. #1. On June 13, 2011, appointed lead plaintiffs Thomas Johnston, Guiliano Lazzeretti, Thuan Ly, Christina Galbraith, and Charles White (collectively "lead plaintiffs") filed an amended complaint adding underwriting defendants Roth and Rodman, as well as individual director defendants Yu Hao ("Hao"); Lianfu Liu ("Liu"); Yizhao Zhang ("Zhang"); Barry Raeburn ("Raeburn"); and Robert B. Fields ("Fields") to the action. Doc. #47. The amended complaint alleges five causes of action: (1) violation of Section 11 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §77, against all defendants; (2) violation of Section 12(a)(2) of the Securities Act against defendants China Green, Roth, and Rodman; (3) violation of Section 15 of the Securities Act against the individual defendants; (4) violation of Section 10(b) of the Exchange Act against China Green and the individual defendants; and (5) violation of Section 20(a) of the Exchange Act against the

individual defendants. *Id*. In the amended complaint, lead plaintiffs allege that China Green's SEC filings contained materially false and misleading information about China Green's financials and were inconsistent with financial reports filed with the Chinese State Administration of Taxation ("SAT"). *Id*.

In response to the amended complaint, defendant Roth filed the present motion to dismiss. Doc. #90. Defendants China Green, Li, Yang, Ren, Hao, Liu, Fields, Zhang, and Raeburn (collectively "China Green Defendants") filed a motion to strike (Doc. #94) and motion to dismiss (Doc. #96). Defendant Rodman filed a separate motion to dismiss (Doc. #102) and a motion to strike (Doc. #103). Lead plaintiffs then filed an omnibus opposition to defendants' motions (Doc. #113)[2] to which defendants replied (Doc. ##119, 121, 122, 123).

## II. Legal Standard

Defendants seek dismissal of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

---

[2] In their opposition, lead plaintiffs concede that their claim for violation of Section 12(a)(2) of the Securities Act should be dismissed because none of the lead plaintiffs purchased China Green securities "pursuant to" either secondary offering. Lead plaintiffs also concede that individual defendants Ren and Fields should be dismissed because they did not sign the registration statements at issue as neither defendant was employed by China Green in an officer capacity until 2010, after the secondary offerings were completed. Therefore, the court shall dismiss lead plaintiff's second cause of action, as well as individual defendants Ken Ren and Robert B. Fields, from this action.

550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III. Motions to Strike (Doc. ##94, 103)**

In their motions, defendants request the court strike all references to, and allegations based on, the reports published by the International Financial Research & Analysis Group ("IFRA Report"); J Capital Research ("J Capital Report"); and Alfred Little ("Little article"), from the

complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[3] *See* Doc. #94. Defendants argue that lead plaintiffs' reliance on the reports is inappropriate because the veracity of the allegations were not independently verified by lead plaintiffs' counsel prior to the filing of the amended complaint in violation of Rule 11 of the Federal Rules of Civil Procedure. Thus, defendants seek an order striking the following portions of the amended complaint: ¶¶ 8, 10, 11, 43, 50, 139, 140, 142-146, 148-153, 155-159, 161, 162, 164, 167-169, 179-187, 190, 192-196, footnote 2, and portions of ¶ 9 and 166.

Rule 11 states that an attorney, by presenting a pleading to the court, "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (3) the factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." FED. R. CIV. P. 11(b)(3). Thus, under Rule 11, an "attorney has a duty prior to filing a complaint to conduct a reasonable factual investigation." *In re Connetics Corporation Securities Litigation*, 542 F. Supp. 2d 996, 1004 (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). This duty is nondelegable and requires the attorney to "personally . . . validate the truth and legal reasonableness of the papers filed." *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 126 (1989). When drafting a complaint, an attorney may rely in part on other sources, but may not rely entirely on other sources as the sole basis for the complaint's allegations. *In re Connectics*, 542 F. Supp. 2d at 1005 (dismissing complaint for failure to investigate allegations contained in another complaint that counsel relied on as sole basis for additional complaint).

The court has reviewed the documents and pleadings on file in this matter and finds that striking lead plaintiffs' allegations is not warranted. The court finds that lead plaintiffs have

---

[3] Under Rule 12(f), the court may strike a filing for "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

established the reports' reliability sufficient to survive the present motions to strike. Both the IFRA and J Capital reports were internally investigated prior to their publication. In particular, the IFRA, which provides complex financial analysis, business research and due diligence for investors, visited China Green's greenhouse facilities and manufacturing plants and had discussions with several China Green customers and suppliers, as well as industry analysts and financial consultants in drafting its report. Further, the court finds that the amended complaint relies on multiple investigative reports, rather than a single report, to support the allegations that China Green misrepresented its financial information and thus, this action is not an example of improper reliance. Accordingly, the court shall deny defendants' motions to strike.

**IV. Motions to Dismiss (Doc. ##90, 96, 102)**

**A. Legal Standard**

Defendants seek dismissal of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common

sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**B. Section 11 of the Securities Act**

Section 11 of the Securities Act, 15 U.S.C. § 77k, imposes "liability on signers of a registration statement, and on underwriters, if the registration statement 'contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.'" *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1201 (1st Cir. 1996) (quoting 15 U.S.C. § 77k).

In the amended complaint, lead plaintiffs allege that the defendants violated Section 11 for either issuing, signing, or underwriting an offering based on the materially false registration statements. *See* Doc. #47. In opposition, defendants argue that the Section 11 claim should be dismissed because lead plaintiffs lack standing to bring a Section 11 claim. The court agrees.

To have standing to allege a Section 11 claim, a plaintiff must allege that they purchased

securities either directly in the public offering at issue,[4] or that the purchased securities are "traceable to" that public offering. *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1080-81 (9th Cir. 1999); *Lilley v. Charren*, 936 F. Supp. 708, 715 (N.D. Cal. 1996). Moreover, in a class action, a plaintiff must specifically show that he has personal standing and "not that injury was suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975). If a plaintiff lacks standing to pursue his Section 11 claim, he "cannot pursue those claims on behalf of any purported class." *Me. State Ret. Sys. V. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1163 (C.D. Cal. 2010) ("[E]very court to address the issue in a class action has concluded that a plaintiff lacks standing under both Article III of the U.S. Constitution and under Sections 11 and 12(a)(2) of the 1933 Act to represent the interests of investors in offerings in which the plaintiffs did not themselves buy.").

The court has reviewed the amended complaint and finds that lead plaintiffs have failed to allege facts showing how their particular shares can be traced back to either the July 2009 Offering or the December 2009 Offering. Rather, lead plaintiffs rely on unsupported, boilerplate allegations. *See* Doc. #47, ¶ 17-21 (lead plaintiffs "acquired shares of China Green pursuant or traceable to the Company's offering of securities . . . ."). A court cannot accept such conclusory and formulaic allegations of traceability that are devoid of any actual factual allegations. *See Hertzberg*, 191 F.3d at 1080-81.

Additionally, at the time of the secondary offerings, there were over 18 million outstanding shares of China Green securities on the market. The July 2009 Offering added only 3.5 million shares to the market while the December 2009 Offering added roughly one million more. No where in the amended complaint do lead plaintiffs demonstrate or allege that they can trace their specific purchased shares to the 4.5 million newly offered shares rather than the the 18 million outstanding

---

[4] It is undisputed that lead plaintiffs did not purchase securities directly from, or pursuant to, the secondary offerings.

shares of China Green securities. Therefore, the court finds that lead plaintiffs lack standing to pursue their Section 11 claim. Accordingly, this claim shall be dismissed.

**C. Section 15 of the Securities Act (China Green Defendants)**

Section 15 of the Securities Act allows for liability against individuals who caused a primary violation of the Securities Act. To state a claim under Section 15, lead plaintiff must show: (1) a primary violation of the securities law; and (2) the individual defendants exercised control over the primary violators. *See Howard v. Everrex Sys.*, 228 F.3d 1057, 1065 (9th Cir. 2000).

As addressed above, the amended complaint has failed to plead a Section 11 claim against any defendant. Thus, lead plaintiffs cannot allege a Section 15 control person claim. *See Howard*, 228 F.3d at 1065. Accordingly, the court shall also dismiss lead plaintiffs' Section 15 claim.

**D. Section 10(b) of the Exchange Act (China Green Defendants)**

Section 10(b) of the Exchange Act makes it unlawful for any person "[t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). To allege a Section 10(b) Exchange Act claim a plaintiff must allege: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase of a sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 522 U.S. 148, 157 (2008). Further, in pleading a Section 10(b) claim, the allegations in the complaint must also satisfy the heightened pleading requirements of Rule 9(b). *See* 15 U.S.C. § 78u-4(b)(1)(B) (requiring plaintiffs to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed"). Federal

Rule of Civil Procedure 9(b) states that in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity, and must set forth an explanation as to why the statement or omission complained of was false or misleading. FED. R. CIV. P. 9(b); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

In their motion, China Green Defendants argue that the complaint does not sufficiently plead either (1) a material misrepresentation or (2) scienter. *See* Doc. #96. The court shall address each element below.

**1. Material Misrepresentation**

The court has reviewed the amended complaint and finds that lead plaintiffs have sufficiently alleged that China Green made material misrepresentations in its SEC filings to survive the present motion to dismiss. For example, the amended complaint alleges that China Green's SEC filings were false and misleading because: (1) certain payments to Chinese regulatory authorities, which were reported in Chinese taxation and business filings, were listed at different monetary amounts in the SEC filings for the same period; (2) certain tax payments identified in the SEC filings were never made to the Chinese SAT; and (3) the SEC filings contain inconsistent and incompatible financial information from China Green's Chinese regulatory filings. *See* Doc. #47, ¶ 41-42. Each statement is specifically identified according to what was said, when it was said, how it was said. Doc. #47, ¶ 48-49. Moreover, the reasons each statement was false is laid out in detail. *See* Doc. #47, ¶ 43, 50, 139 *et seq*. These affirmative misstatements and omissions are neither vague, nor immaterial as they include false statements regarding the company's net income amounts and gross and operating profit margins which allegedly resulted in the artificial inflation of China Green's common stock. Therefore, the court finds that lead plaintiffs have sufficiently pled material misrepresentations in China Green's SEC filings.

///

///

**2. Scienter**

To plead scienter, a plaintiff must "state with particularity facts giving rise to a strong inference that defendants acted with the intent to deceive or with deliberate recklessness as to the possibility of misleading investors." *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 987 (9th Cir. 2008) (citing 15 U.S.C. § 78u-4(b)(2)). In determining whether plaintiffs properly plead scienter (15 U.S.C. §78u-4(b)(2)), the court must consider "all the allegations holistically" and "collectively." *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 208, 326 (2007).

The court has reviewed the amended complaint and finds that when all the scienter allegations are considered together, the amended complaint raises a strong inference that defendants knowingly made misrepresentations in the SEC filings. First, lead plaintiffs allege that the individual defendants knew the statements at issue were materially false and misleading and that they would be disseminated to the public. Doc. #47, ¶ 208. Second, the amended complaint alleges that by virtue of their control of the company and as signers of the registration statements, the individual defendants necessarily participated in the wrongdoing. Doc. #47, ¶ 209. Finally, lead plaintiffs allege that due to the extent and nature of the fraud, it could not have been perpetrated had it not reached the highest levels of the company. Doc. #47, ¶ 210. The court finds that these allegations are sufficient to raise an inference of scienter on behalf of the individual defendants. Therefore, the court finds that lead plaintiffs have sufficiently alleged a claim under Section 10(b) of the Exchange Act. Accordingly, the court shall deny the motion to dismiss as to this claim.

**E. Section 20(a) of the Exchange Act**

Section 20(a) of the Exchange Act allows for liability against individuals who caused a primary violation of the Exchange Act. To state a claim under Section 20(a), lead plaintiff must show: (1) a primary violation of the securities law; and (2) the individual defendants exercised control over the primary violators. *See* 15 U.S.C. § 78t-1(a). The standard for controlling person liability under Section 20(a) of the Exchange Act is the same as Section 15 of the Securities Act.

*Hollinger*, 914 F.2d at 1578.

The SEC defines "control" as "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a [violator], whether through the ownership of voting securities, by contract, or otherwise." 17 C.F.R. § 240.12b-2 (1995). The determination of who is a controlling person is "an intensely factual question, involving scrutiny of the defendant's participation in the day-to-day affairs of the corporation and the defendant's power to control corporate actions." *Howard*, 228 F.3d at 1065.

As addressed above, the court has found that lead plaintiffs have sufficiently alleged a primary violation of the Exchange Act. As to the second element of control, the court finds that lead plaintiffs have sufficiently alleged control as to the top directors and officers of China Green. In the amended complaint, lead plaintiffs allege that the individual defendants signed the registration statements at issue, as well as made additional false and misleading information in public conference calls and presentations. Further, lead plaintiffs allege that the individual defendants, by virtue of their control, ownership, offices, and directorships, had the power and influence to issue the false registration statements in violation of the Exchange Act. *See* Doc. #47, ¶ 63-65. Therefore, the court finds that lead plaintiffs have alleged a Section 20(a) claim under the Exchange Act. Accordingly, the court shall also deny the motion to dismiss as to this claim.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #90) is GRANTED. Defendant Roth Capital Partners, LLC is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. #102) is GRANTED. Defendant Rodman & Renshaw LLC is DISMISSED as a defendant in this action.

///

///

///

IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. #96) is GRANTED in-part and DENIED in-part. Lead plaintiffs' first cause of action for violation of Section 11 of the Securities Act; second cause of action for violation of Section 12(a)(2) of the Securities Act; and third cause of action for violation of Section 15 of the Securities Act are DISMISSED.

IT IS FURTHER ORDERED that defendants Ken Ren and Robert B. Fields are DISMISSED as defendants in this action.

IT IS FURTHER ORDERED that defendants' motions to strike (Doc. ##94, 103) are DENIED.

IT IS SO ORDERED.

DATED this 1st day of November, 2012.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE