**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDRIC ELLIOTT, Individually and on Behalf of All Others Similarly Situated, ) | Case No. 3:10-cv-00648-LRH-WGC |
| Plaintiff, ) | CLASS ACTION |
| vs. ) | ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS AND PROVIDING FOR NOTICE OF SETTLEMENT |
| CHINA GREEN AGRICULTURE, INC., et al., ) | |
| Defendants. ) | |

1    WHEREAS, Court-appointed lead plaintiffs Thomas Johnston, Giuliano Lazzeretti,

2  Thuan Ly, Christina Galbraith and Charles White ("Lead Plaintiffs"), on behalf of

3  themselves and all members of the putative class, have entered into a Stipulation of

4  Settlement, dated March 7, 2014 (the "Stipulation"), with defendants China Green

5  Agriculture, Inc. ("CGA"), Tao Li, Ying Yang, Yu Hao, Lianfu Liu, Yizhao Zhang and

6  Barry Raeburn (collectively, "Defendants") setting forth the terms of a proposed settlement

7  (the "Settlement") of this consolidated securities class action (the "Litigation");[1]

8    WHEREAS, pursuant to Federal Rule of Civil Procedure 23(e), Lead Plaintiffs have

9  applied for an order granting preliminary approval to the Settlement in accordance with the

10  Stipulation, provisionally certifying a class of CGA shareholders for settlement purposes

11  only, and approving the manner of giving notice to such class;

12    WHEREAS, the Court has read and considered the Stipulation, the exhibits annexed

13  thereto, and the submissions relating thereto, and finds that substantial and sufficient grounds

14  exist for entering this order;

15    NOW, THEREFORE, IT IS HEREBY ORDERED:

16    1.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure,

17  preliminarily and for purposes of the Settlement only, the Court certifies a class (the

18  "Settlement Class") consisting of all persons or entities who purchased or otherwise acquired

19  shares of CGA securities from May 12, 2009 through January 4, 2011, inclusive (the

20  "Settlement Class Period"), and who were allegedly damaged thereby ("Settlement Class

21  Members").   Excluded from the Settlement Class are Defendants and all officers and

22  directors of CGA, and all such excluded persons' immediate family members, legal

23  representatives, heirs, predecessors, successors and assigns, and any entity in which any

24  excluded person has or had a controlling interest.  Also excluded from the Settlement Class

25  are persons who file valid and timely requests for exclusion in accordance with this order.

26  _____

27  [1] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in
the Stipulation.
28

2.      The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to Settlement Class Members; (c) Lead Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent; (d) Lead Plaintiffs will fairly and adequately represent the interests of the Settlement Class with respect to the claims asserted against Defendants; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted against the Defendants.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for purposes of the Settlement only, Lead Plaintiffs are certified as Settlement Class Representatives and Lead Plaintiffs' counsel, Saxena White P.A., is certified as Settlement Class Counsel.

4.      The Court preliminarily approves the Stipulation, and the Settlement set forth therein, subject to further consideration at the hearing described below.

5.      A hearing (the "Settlement Hearing") shall be held before this Court on TUESDAY, JULY 22, 2014, at 10:00 a.m. at the Bruce R. Thompson Federal Building & U.S. Courthouse, United States District Court, District of Nevada - Reno, 400 S. Virginia Street, Reno, Nevada 89501, to determine whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Settlement Class Members and should be approved by the Court; to determine whether the proposed Order and Final Judgment (the "Judgment") as provided in paragraph 1.6 of the Stipulation should be entered; to determine whether the proposed plan of allocation (the "Plan of Allocation") for distributing the Settlement proceeds among Settlement Class Members should be approved; to determine the amount of attorneys' fees and expenses that should be awarded to Settlement Class Counsel; to determine the amount that Lead Plaintiffs should be reimbursed

1  for their time and expenses; to consider any Settlement Class Members' objections to the

2  Settlement; and to rule upon such other matters as the Court may deem appropriate.

3        6.    The Court may adjourn the Settlement Hearing without further notice to

4  Settlement Class Members.  The Court may enter the Judgment approving the Settlement and

5  dismissing the Litigation on the merits and with prejudice even if the Court has not approved

6  the Plan of Allocation, the application for attorneys' fees and expenses, or the application for

7  reimbursement of Lead Plaintiffs' expenses.  The Court may also approve the Settlement

8  with such modifications as may be agreed upon or consented to by Lead Plaintiffs and

9  Defendants without further notice to the Settlement Class where doing so would not impair

10  Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of

11  law.

12        7.    The Court hereby approves, as to form and content, the Notice of Proposed

13  Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of

14  Claim"), and the Summary Notice, which are annexed as Exhibits A-1, A-2 and A-3 hereto,

15  and finds that the mailing and distribution of the Notice and publishing of the Summary

16  Notice substantially in the manner set forth in paragraphs 8 and 9 of this order meet the

17  requirements of Federal Rule of Civil Procedure 23 and due process, satisfy Section

18  21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the

19  Private Securities Litigation Reform Act of 1995; is the best notice practicable under the

20  circumstances; and constitutes due and sufficient notice to all persons entitled thereto.  No

21  Settlement Class Member shall be relieved or excused from the terms of the Settlement,

22  including the releases of claims provided for therein, based upon the contention or proof that

23  such Settlement Class Member failed to receive actual or adequate notice.

24        8.    The Court hereby appoints Epiq Systems, Inc. (the "Claims Administrator") to

25  supervise and administer the notice procedures and the processing of claims, as more fully

26  set forth below:

27        (a)    Not later than  APRIL 11 , 2014, the Claims Administrator shall

28  cause the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1

1    and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be

2    identified with reasonable effort;

3              (b)     Not later than     APRIL 11     , 2014, the Claims Administrator shall

4    cause the Summary Notice to be published once in *Investor's Business Daily* and posted on

5    *Business Wire*; and

6              (c)     At least seven (7) calendar days prior to the Settlement Hearing,

7    Settlement Class Counsel shall serve on Defendants' counsel and file with the Court proof,

8    by affidavit or declaration, of such mailing and publication.

9         9.    Any nominee that purchased CGA securities during the Settlement Class

10   Period on behalf of a Settlement Class Member shall send the Notice and the Proof of Claim

11   to all such Settlement Class Members within ten (10) calendar days after receipt thereof, or

12   send a list of the names and addresses of such Settlement Class Members to the Claims

13   Administrator within ten (10) days of receipt thereof, in which event the Claims

14   Administrator shall promptly mail the Notice and Proof of Claim to such Settlement Class

15   Members.  Settlement Class Counsel shall, if requested, reimburse out of the Settlement

16   proceeds banks, brokerage houses, or other nominees that produce acceptable proof of

17   reasonable out-of-pocket expenses incurred in providing notice to Settlement Class

18   Members, which expenses would not have been incurred except for the sending of such

19   notice, subject to further order of this Court with respect to any dispute concerning such

20   compensation.

21        10.   All Settlement Class Members who do not timely exclude themselves from the

22   Settlement Class as provided for herein shall be bound by all determinations and judgments

23   in the Litigation concerning the Settlement, whether favorable or unfavorable.

24        11.   Any Settlement Class Member who wishes to exclude himself, herself or itself

25   from the Settlement Class may do so by mailing a written request for exclusion by first class

26   mail, postage prepaid, or otherwise delivering such request, no later than thirty (30) calendar

27   days prior to the Settlement Hearing, to the addresses listed in the Notice.   Such request

28   shall clearly indicate the name, address, phone number and e-mail (if any) of the person

1   seeking exclusion, shall state that the sender specifically requests to be excluded from the

2   Settlement Class, and must be signed by such person.  Such persons requesting exclusion are

3   also required to specify their purchases and sales of CGA securities during the Settlement

4   Class Period, including the date, number of shares and price of shares purchased or sold.

5   The request for exclusion shall not be effective unless it provides the foregoing information,

6   is legible, and is made within the time stated above, or unless the exclusion is otherwise

7   accepted by the Court.  Settlement Class Counsel may contact any person or entity filing a

8   request for exclusion, or his, her, or its attorney if one is designated, to discuss the exclusion.

9   Any Settlement Class Member requesting exclusion from the Settlement Class shall not be

10  entitled to receive any Settlement proceeds.

11          12.     Settlement Class Members who wish to participate in the Settlement shall

12  complete and submit Proofs of Claim in accordance with the instructions contained therein.

13  Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety

14  (90) days from the date of publication of the Summary Notice provided for in paragraph 8(b)

15  above.  Any Settlement Class Member who does not timely submit a valid Proof of Claim

16  within the time provided for shall be barred from sharing in the distribution of the proceeds

17  of the Settlement but shall nonetheless be bound by the terms of the Judgment, unless

18  otherwise ordered by the Court.  Notwithstanding the foregoing, Settlement Class Counsel

19  may, in its discretion, accept for processing late-submitted claims so long as the distribution

20  of the Net Settlement Fund to Authorized Claimants is not materially delayed.  Each

21  Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court

22  with respect to any determinations or calculations concerning his, her, or its Proof of Claim.

23  Defendants shall have no responsibility to make any determinations or calculations with

24  respect to any Proofs of Claim.

25          13.     Any Settlement Class Member may enter an appearance in the Litigation, at

26  his, her or its own expense, individually or through counsel of his, her or its own choice.  If a

27  Settlement Class Member does not enter an appearance, he, she or it will be represented by

28  Settlement Class Counsel.

14.    Any Settlement Class Member may object to the Settlement, the Judgment, the Plan of Allocation, the application for attorneys' fees and expenses, and/or the application for reimbursement of Lead Plaintiffs' expenses, and may appear at the Settlement Hearing to raise such objection, provided that such Settlement Class Member submits (a) a written statement identifying the Settlement Class Member's name, address, and telephone number, and, if represented by counsel, his, her or its counsel; (b) proof of ownership of CGA securities during the Settlement Class Period, including the number of CGA securities and the date or dates of purchase; (c) a statement of the Settlement Class Member's objection and the grounds therefore; and (d) any supporting documentation.   If the Settlement Class Member wishes to appear at the Settlement Hearing, he, she or it must also include with the foregoing materials a statement of intention to appear at the Settlement Hearing.   Such materials must be filed with the Clerk of the United States District Court for the District of Nevada and sent by first class mail to the following addresses not later than fourteen (14) calendar days before the Settlement Hearing:

| | |
|---|---|
| Joseph E. White, III | Jerome S. Fortinsky |
| Saxena White P.A. | Shearman & Sterling LLP |
| 2424 N. Federal Highway, Suite 257 | 599 Lexington Avenue |
| Boca Raton, FL  33431 | New York, NY  10022 |
| | |
| *Settlement Class Counsel* | *Counsel for Defendants* |

15.    Any Settlement Class Member who does not raise an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from raising any objection concerning the Settlement, the Judgment, the Plan of Allocation, the attorneys' fees and expenses, and the reimbursement of Lead Plaintiffs' expenses, unless otherwise ordered by the Court.

16.    All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to consummate the Settlement or comply with the terms of the Stipulation.   All Settlement Class Members, and each of them, and anyone acting or

1  purporting to act for any of them, is hereby enjoined from prosecuting, attempting to

2  prosecute, or assisting others in the prosecution of, any Released Claims.

3        17.    All funds held by the Escrow Agent shall be deemed and considered to be *in*

4  *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

5  such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s)

6  of the Court.

7        18.    All papers in support of the Settlement, the Plan of Allocation, the application

8  for attorneys' fees and expenses, and/or the application for reimbursement of Lead Plaintiffs'

9  expenses shall be filed and served at least twenty-one (21) calendar days before the

10  Settlement Hearing.  Reply papers, if any, shall be filed and served at least seven (7) calendar

11  days before the Settlement Hearing.

12        19.    Neither Defendants nor Defendants' counsel shall have any responsibility for,

13  or liability with respect to, the Plan of Allocation, the attorneys' fees and expenses, or the

14  reimbursement of Lead Plaintiffs' expenses, and all such matters will be considered

15  separately from the fairness, reasonableness, and adequacy of the Settlement.

16        20.    At or after the Settlement Hearing, the Court shall determine whether to

17  approve the Plan of Allocation, the application for attorneys' fees and expenses, and the

18  application for reimbursement of Lead Plaintiffs' expenses.  The Court's decision with

19  respect to such matters shall have no effect on the Court's approval of the Settlement or the

20  finality of the Judgment.

21        21.    All reasonable expenses incurred in identifying and notifying Settlement Class

22  Members and in administering the Settlement shall be paid as set forth in the Stipulation.

23        22.    Neither the Stipulation, nor any of its terms or provisions, nor any of the

24  negotiations or proceedings connected with it, shall be construed as an admission or

25  concession by Defendants of the truth of any of the allegations in the Litigation, or of any

26  liability, fault, or wrongdoing of any kind.

27        23.    In the event the Settlement is not consummated pursuant to its terms, the

28  Stipulation (except as otherwise provided therein or in any amendment(s) thereto, or in this

order) shall be null and void, of no further force or effect, and without prejudice to Lead Plaintiffs or Defendants, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, except as otherwise provided for in the Stipulation.

24.     The Court retains jurisdiction to consider all further matters arising out of or connected to the Settlement.


        IT IS SO ORDERED.

        DATED March 20, 2014

        _____
        LARRY R. HICKS
        UNITED STATES DISTRICT JUDGE

1
2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

3
4
5
6
7
8
9
10

| | |
|---|---|
| FREDRIC ELLIOTT, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:10-cv-00648-LRH-WGC |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | **NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION** |
| CHINA GREEN AGRICULTURE, INC., *et al.,* | EXHIBIT A-1 |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  ***If you purchased or otherwise acquired the publicly traded securities of China***
2  ***Green Agriculture, Inc. ("CGA") during the period between May 12, 2009 and January 4,***
3  ***2011, inclusive (the "Settlement Class Period"), you may be entitled to receive a payment***
4  ***under the proposed settlement (the "Settlement") of a securities class action lawsuit (the***
5  ***"Litigation"). Your legal rights are affected whether you act or do not act. Please read***
6  ***this notice carefully.***

7        This is not a solicitation from a lawyer; a United States District Court authorized this

8  notice (the "Notice"). The complete terms and conditions of the Settlement are set forth in a

9  Stipulation of Settlement, dated March 7, 2014 (the "Stipulation") entered into by the parties

10  to the Litigation, which can be downloaded at www.chinagreensecuritieslitigation.com or

11  requested at the telephone number and address provided below.

12        **Relevant securities and time period**: CGA securities purchased or otherwise

13  acquired between May 12, 2009 and January 4, 2011, inclusive.

14        **Settlement proceeds:** If the Settlement is approved by the United States District

15  Court for the District of Nevada (the "Court"), it will provide for a gross payment of

16  $2,500,000 into a settlement fund (the "Settlement Fund"), which, after deducting certain

17  fees and expenses described below, would be available for distribution to persons who

18  purchased or otherwise acquired CGA securities during the Settlement Class Period

19  ("Settlement Class"). Whether you are entitled to a payment from the Settlement Fund

20  depends on the timing of your purchases and any sales of CGA securities during the

21  Settlement Class Period. Based on the information currently available to counsel for the

22  Court-appointed lead plaintiffs in the Litigation ("Lead Plaintiffs' Counsel") and the analysis

23  performed by its damage consultants, if claims are submitted representing 100 percent of the

24  eligible CGA shares, the estimated average recovery would be approximately $0.14 for each

25  share of CGA common stock, before deducting settlement administration costs and Court-

26  approved fees and expenses. Historically, the claim submission rate is less than 100 percent,

27  which results in a higher per-share recovery for those who submit qualifying claims. Please

28  see Question 9 below for a detailed explanation of the proposed plan of allocation (the "Plan

of Allocation") for distributing the Settlement proceeds to members of the Settlement Class ("Settlement Class Members").

**Reasons for the Settlement:**  The Settlement provides a benefit to Settlement Class Members now and avoids the uncertainty, time and expense of further litigation, including the potential for a contested trial and likely appeals, with the possibility of receiving no recovery at all for the Settlement Class.

**If the Litigation had not settled:**  If the parties had not agreed to the Settlement, it is possible that the lead plaintiffs ("Lead Plaintiffs"), on behalf of Settlement Class Members, would have obtained no recovery at all.  The parties vigorously disagree on both liability and damages.  The defendants in the Litigation (the "Defendants") deny that they are liable in any respect, and deny that Lead Plaintiffs and Settlement Class Members suffered any injury. Among the many issues on which the parties do not agree are: (1) whether any Defendants violated the law; (2) whether CGA's public disclosures contained any false or misleading statements or omissions of material fact; (3) whether any such alleged misstatements or omissions affected the price of CGA common stock, and the amount and method for determining such alleged effect; and (4) the amount of damages (if any) that could be recovered at trial.

**Fees and expenses:**  Lead Plaintiffs' Counsel has not received any payments for its work investigating the facts, prosecuting the Litigation and negotiating the Settlement on behalf of Lead Plaintiffs and the Settlement Class.  Lead Plaintiffs' Counsel will ask the Court for an award of attorneys' fees equal to $33^{1/3}$% of the Settlement Fund, and for reimbursement of litigation expenses not to exceed $100,000.  In addition, Lead Plaintiffs will ask the Court for a compensatory payment not to exceed $5,000 for reimbursement of their reasonable costs and expenses directly relating to their representation of the Settlement Class. All these amounts would be paid exclusively from the Settlement Fund.  If the above amounts are approved by the Court, the average cost of such fees and expenses would be approximately $0.058 for each share of CGA common stock.

**Important deadlines:**

Deadline to submit a claim for Settlement proceeds:   JULY 9            , 2014

Deadline to request exclusion from the Settlement Class:  JULY 9   , 2014

Deadline to object to the Settlement:             JULY 9             , 2014

**Settlement hearing:**   JULY 22        , 2014

**More information:**  www.chinagreensecuritieslitigation.com or contact:

| | |
|---|---|
| Claims Administrator | Lead Plaintiffs' Counsel |
| *China Green Agriculture, Inc. Securities Litigation* | SAXENA WHITE P.A. |
| Claims Administrator | Joseph E. White, III |
| c/o Epiq Systems, Inc. | 2424 N. Federal Hwy., Suite 257 |
| P.O. Box 3518 | Boca Raton, FL  33431 |
| Portland, OR 97208-3518 | Telephone: (561) 394-3399 |
| info@chinagreensecuritieslitigation.com | |

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

- **SUBMIT A CLAIM**    You may submit a claim to request a payment from the Settlement Fund by following the instructions in this Notice and on the Proof of Claim enclosed with this Notice.

- **OBJECT**    You may write to the Court if you do not like this Settlement, the request for fees and expenses, or the Plan of Allocation.  The Court will consider your objection in deciding whether to approve the Settlement.

- **REQUEST EXCLUSION**    You may request to be excluded from the Settlement Class by following the instructions in this Notice.  If you request exclusion, you will not be able to submit a claim for a payment from the Settlement Fund.

- **ATTEND THE HEARING**    You may attend the hearing at which the Court will consider whether to approve the Settlement (the "Settlement Hearing").  Attendance, however, is not required.

- **DO NOTHING**   You may do nothing, in which case you will not receive any payment from the Settlement Fund and you will be bound by the terms of the Settlement, including the release of claims.

The above rights and options — *and the deadlines to exercise them* — are explained in this Notice.  The Court must decide whether to approve the Settlement.  Payments will be made only if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.     Why did I get this Notice?**

You or someone in your family may have purchased CGA securities between May 12, 2009 and January 4, 2011, inclusive.

The Court authorized this Notice to inform people who purchased CGA securities during the Settlement Class Period about a proposed settlement of a class action lawsuit filed against CGA, and the options that such people have before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and any appeals are resolved in favor of the Settlement, the claims administrator appointed by the Court (the "Claims Administrator") will make the payments provided for under the Settlement.

This Notice explains the Litigation, the Settlement, your legal rights, what benefits are available, who is eligible for such benefits, and how to obtain them.

The title of the Litigation is *Elliott v. China Green Agriculture, Inc., et al.*, Case No. 3:10-CV-00648-LRH-WGC (D. Nev.).  Lead Plaintiffs are Thomas Johnston, Giuliano Lazzeretti, Thuan Ly, Christina Galbraith, and Charles White.  Defendants are CGA, Tao Li, Ying Yang, Yu Hao, Lianfu Liu, Yizhao Zhang and Barry Raeburn.

**2.     What is this lawsuit about?**

Fredric Elliott filed the original purported securities class action complaint in the Litigation on October 15, 2010 alleging that CGA and certain of its officers and directors made false and misleading statements in CGA's public filings with the U.S. Securities and

Exchange Commission in violation of federal securities laws.  On April 27, 2011, the Court appointed a group of purported CGA shareholders as Lead Plaintiffs.  Lead Plaintiffs subsequently filed an amended complaint against the same defendants, and added as defendants Roth Capital Partners LLC, Rodman & Renshaw LLC, who acted as underwriters in connection with CGA's public offering of securities.  On November 2, 2012, the Court entered an order dismissing defendants Roth Capital Partners LLC, Rodman & Renshaw LLC, Ken Ren and Robert B. Fields from the Litigation.

### 3.   Why is this a class action?

The Litigation was filed as a class action lawsuit.  In a class action, one or more plaintiffs file a lawsuit on behalf of himself or herself and as a representative of other people who have similar claims.  Class actions allow a court to consider the claims of a class of similarly situated people collectively where it might not be economically worthwhile for those people to file individual claims.  The court's decisions in a class action case are binding on all members of the class, except for those who inform the court that they wish to be excluded from the class.

### 4.   Why is there a settlement?

The Settlement avoids the risks and costs of lengthy and uncertain continued litigation, including potential trial and likely appeals, and instead allows eligible Settlement Class Members to be compensated now.  After extensive good-faith settlement discussions during the course of the Litigation, counsel for Lead Plaintiffs and for Defendants participated in a mediation session on March 7, 2013 to try to reach a resolution.  Prior to the mediation, each side submitted a comprehensive statement setting forth its position.  As a result of negotiations that occurred during and after the mediation, the parties reached an agreement to settle the Litigation.  Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the Settlement is in the best interests of all Settlement Class Members.

Defendants have denied and continue to deny any and all wrongdoing whatsoever, but have nonetheless agreed to the Settlement in order to eliminate the uncertainty, distraction, disruption, burden, risk and expense of further litigation.

1    If the Court approves the Settlement, Lead Plaintiffs will request that the Court

2    dismiss the Litigation with prejudice and enter an order releasing all claims against

3    Defendants.  The effectiveness of the Settlement is contingent upon the Court's approval.

4                              **THE SCOPE OF THE SETTLEMENT**

5        **5.    How do I know if I am covered by the Settlement?**

6        All persons or entities who purchased or otherwise acquired CGA securities between

7    May 12, 2009 and January 4, 2011, inclusive, are covered by the Settlement.

8        **6.    Are there exceptions to being included in the Settlement Class?**

9        Yes.  Excluded from the Settlement Class are Defendants and all officers and

10   directors of CGA, and all such excluded persons' immediate family members, legal

11   representatives, heirs, predecessors, successors and assigns, and any entity in which any

12   excluded person has or had a controlling interest.  Also excluded from the Settlement Class

13   are persons who file valid and timely requests for exclusion by following the instructions

14   below.

15       **7.    I'm still not sure if I am covered by the Settlement.**

16       If you still are not sure whether you are included, you can ask for free help.  You can

17   call    the    Claims    Administrator    at    (877)    803-8463    or    visit

18   www.chinagreensecuritieslitigation.com   for   more   information;   you   can   e-mail   a

19   representative of Lead Plaintiffs' Counsel, Joseph E. White, III at jwhite@saxenawhite.com

20   for more information; or you can fill out and return the claim form described in Question 11

21   to see if you qualify.

22                         **THE SETTLEMENT BENEFITS – WHAT YOU GET**

23       **8.    What does the Settlement provide?**

24       CGA has agreed to a payment of $2,500,000, to be made by its insurers, in exchange

25   for the release of claims provided for in the Stipulation.  The Settlement Fund will be divided

26   among all eligible Settlement Class Members who submit timely and valid Proofs of Claim

27   and Release approved by the Claims Administrator in whole or in part ("Authorized

28   Claimants"), after payment of Court-approved attorneys' fees and litigation expenses, taxes,

Lead Plaintiffs' compensatory award and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing a notice in the news media. The amount remaining after such deductions is referred to as the "Net Settlement Fund."

**9.      How much will my payment be?**

Your share of the Net Settlement Fund will depend on the overall number of valid claims that Settlement Class Members send in, the amount due under those claims, how many shares of CGA common stock you purchased and sold during the Settlement Class Period, and when you bought and sold such shares. All calculations and determinations will be made by the Claims Administrator under the supervision of Lead Plaintiffs' Counsel. Defendants have no role or responsibility in making any claim determinations.

**10.      The Plan of Allocation**

In the unlikely event that there are sufficient funds in the Net Settlement Fund to permit payment of the total claims of all Authorized Claimants, each Authorized Claimant would receive the full amount of his, her or its claim according to the formula below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claims of all Authorized Claimants, each Authorized Claimant will be paid a percentage of the Net Settlement Fund equal to the percentage that such Authorized Claimant's claim represents in relation to the total amount claimed by all Authorized Claimants. Payment in this manner will be deemed conclusive against all Authorized Claimants.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors not related to the alleged fraud. The computation of the alleged artificial inflation in shares of CGA securities ("Eligible Securities") reflects the price change of each Eligible Security net of market- and industry-wide factors in reaction to public announcements that corrected or reinforced the misrepresentations alleged by Lead Plaintiffs in the Amended Complaint for Violations of the Federal Securities Laws. Based on the opinions of Lead

1  Plaintiffs' Counsel's damages consultant, the Plan of Allocation assumes that there were
2  varied amounts of alleged artificial inflation in the prices of each Eligible Security during the
3  entire Settlement Class Period.  An estimate of alleged artificial inflation for each Eligible
4  Security during the Settlement Class Period, assuming that Lead Plaintiffs could adequately
5  allege and prove liability for that entire period, is reflected in Table 1 below:

**Table 1**
Alleged Artificial Inflation in Eligible Securities

| From | To | China Green Common Stock |
|------|-----|--------------------------|
| 5/12/2009 | 9/1/2010 | $2.36 |
| 9/2/2010 | 9/2/2010 | $1.67 |
| 9/3/2010 | 11/9/2010 | $1.08 |
| 11/10/2010 | 1/4/2011 | $1.76 |
| 1/5/2011 | 1/5/2011 | $0.70 |
| 1/6/2011 | Present | $0.00 |

13  Federal securities laws allow investors to recover for losses caused by disclosures that
14  correct Defendants' previous misleading statements or omissions.  Thus, in order to have
15  been damaged by the alleged fraud, an Eligible Security purchased or otherwise acquired
16  during the Settlement Class Period must have been held during a period of time in which its
17  price declined due to the disclosure of information that corrected an allegedly misleading
18  statement or omission.  Lead Plaintiff and Lead Plaintiffs' Counsel have identified the
19  following dates of such price declines:  September 2, 2010; September 3, 2010; January 5,
20  2011; and January 6, 2011 (collectively, the "alleged corrective disclosure dates").  If an
21  Eligible Security was purchased and then sold before May 12, 2009; or purchased and then
22  sold between consecutive alleged corrective disclosure dates, the Recognized Loss for that
23  Eligible Security is $0.00, and any loss suffered is not compensable under the federal
24  securities laws.

### CALCULATION OF RECOGNIZED LOSS OR GAIN PER SECURITY

26  For each Eligible Security purchased or acquired during the Settlement Class Period
27  (*i.e.*, during the period May 12, 2009 through January 4, 2011, inclusive):
28  (1)     and sold during the Settlement Class Period, the Recognized Loss or Gain Per

Security is the lesser of:

    i.    the purchase/acquisition price **minus** the average closing price for the Eligible Security during the 90 days following the Settlement Class Period, which is $7.75; or

    ii.    the amount of alleged artificial inflation per Eligible Security on the date of purchase/acquisition as appears in Table 1 above **minus** the amount of alleged artificial inflation per Eligible Security on the date of sale/disposition as appears in Table 1.

(2)    and sold during the period January 5, 2011 through April 4, 2011, inclusive (*i.e.*, the 90-day period following the Settlement Class Period), the Recognized Loss or Gain Per Security is the lesser of:

    i.    the purchase/acquisition price **minus** the "90-Day Look Back Value" on the date of sale/disposition provided in Exhibit A to the Plan of Allocation; or

    ii.    the amount of alleged artificial inflation per Eligible Security on the date of purchase/acquisition as appears in Table 1 above.

(3)    and held after April 4, 2011, the Recognized Loss or Gain Per Security is the lesser of:

    i.    the purchase/acquisition price **minus** the average closing price for the Eligible Security during the 90 days following the Settlement Class Period, which is $7.75; or

    ii.    the amount of alleged artificial inflation per Eligible Security on the date of purchase/acquisition as appears in Table 1 above.

For Authorized Claimants who made multiple purchases, acquisitions, or sales of Eligible Securities during the Settlement Class Period, the earliest subsequent sale will be matched first against the Authorized Claimant's opening position on the first day of the Settlement Class Period, and then matched chronologically thereafter against each purchase or acquisition made through January 4, 2011. The Recognized Loss or Gain per Security for "short sales" is $0. In the event that there is a short position in Eligible Securities, the date of covering a "short sale" is deemed to be the date of purchase of the stock. The date of a "short sale" is deemed to be the date of sale of the stock. The earliest Settlement Class

1  Period purchases shall be matched against such short position, and not be entitled to a
2  recovery, until that short position is fully covered.

3      A Settlement Class Member will be eligible to receive a distribution from the Net
4  Settlement Fund only if that Settlement Class Member had a net loss after all profits from
5  transactions in CGA stock during the Settlement Class Period are subtracted from all losses.
6  A Settlement Class Member's net market loss or gain represents his, her or its out-of-pocket
7  losses (or profit) on Eligible Securities purchased during the Settlement Class Period, and is
8  based on the difference between the total amount paid for all Eligible Securities acquired
9  during the Settlement Class Period less the total proceeds received from sales or the holding
10  value of such Eligible Securities (for Eligible Securities Held as of the end of the Settlement
11  Class Period the holding value shall be $7.75 the average closing price for the Eligible
12  Security during the 90 days following the Settlement Class Period).  Where sales of
13  securities during the Settlement Class Period have been applied against securities held at the
14  beginning of the Settlement Class Period, the proceeds of such sales will not be used in the
15  calculation of such net market loss.  If, during the Settlement Class Period, a Settlement
16  Class Member had a net market loss in his, her or its trading in Eligible Securities, the
17  Settlement Class Member's net Recognized Loss shall be limited to the Settlement Class
18  Member's net market loss.  No distributions will be made to Authorized Claimants who
19  would otherwise receive a distribution of less than $10.00.

20      The Court has jurisdiction to allow, disallow, or adjust the claim of any Settlement
21  Class Member on equitable grounds.

22      All payments made under the Plan of Allocation set forth above will be conclusive
23  against all Settlement Class Members.  No person will have any claim against Lead
24  Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator or other person designated by
25  Lead Plaintiffs' Counsel, Defendants, or Defendants' counsel based on any calculations,
26  determinations and/or distributions made substantially in accordance with the Stipulation and
27  the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Any
28  Settlement Class Member who does not complete and submit a valid and timely Proof of

1  Claim will not receive any distribution from the Net Settlement Fund (unless otherwise

2  ordered by the Court), but will otherwise be bound by all of the terms of the Stipulation.

3  **HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM**

4  **11.    How will I get a payment?**

5  To qualify for a payment, you must send a Proof of Claim to the Claims

6  Administrator.  A Proof of Claim is enclosed with this Notice.  Read the instructions

7  carefully, fill out the Proof of Claim, include all the documents requested, sign it, and mail it

8  in the enclosed envelope postmarked no later than ____JULY 9____, 2014.

9  **12.    When would I get my payment?**

10  It is difficult to predict when payments from the Settlement Fund will be begin.  The

11  Court will hold the Settlement Hearing on ____JULY 22____, 2014, at 10:00 am, to decide

12  whether to approve the Settlement.  If the Court approves the Settlement, there may be

13  appeals from the Court's approval, which could take a year or longer to resolve.  The timing

14  also depends on the number of Proofs of Claim submitted, which take time to process.  If the

15  Court approves the Settlement at the Settlement Hearing and no appeals are taken, it will

16  likely take nine months or longer from the date of the Settlement Hearing for the Claims

17  Administrator to begin making payments.  Please be patient.

18  **13.    Can I sue Defendants for the same thing?**

19  If you are a Settlement Class Member and you do not request exclusion from the

20  Settlement Class in the manner described below, you may not sue any of the Released

21  Persons (as defined in the Stipulation), including Defendants, based on the same or similar

22  facts and issues as in the Litigation.  The precise scope of the releases is set forth in the

23  Stipulation.  If you have a pending lawsuit against any of the Defendants, speak to your

24  lawyer in that case immediately.

25  **THE LAWYERS REPRESENTING YOU**

26  **14.    Do I have a lawyer in this case?**

27  The Court appointed the law firm of Saxena White P.A. to represent Lead Plaintiffs

28  and all Settlement Class Members.  The Court also appointed Bowen Hall as liaison counsel

- 11 -

1 for Lead Plaintiffs and the Settlement Class.  You will not be charged for the services of
2 these lawyers.  If you want to be represented by your own lawyer, you may hire one at your
3 own expense.

4     **15.    How will the lawyers be paid?**

5     Before the date of the Settlement Hearing, Lead Plaintiffs' Counsel will submit an
6 application asking the Court for an award of attorneys' fees equal to $33^{1/3}$% of the Settlement
7 Fund, and for reimbursement of litigation expenses not to exceed $5,000, both of which
8 would be paid from the Settlement Fund.  Settlement Class Members are not personally
9 liable for such fees or expenses.  To date, Lead Plaintiffs' Counsel has not received any
10 payment for its services in conducting this Litigation on behalf of Lead Plaintiffs and the
11 Settlement Class, nor has it received any reimbursement of litigation expenses.  The fee
12 requested will compensate Lead Plaintiffs' Counsel for its work in achieving the Settlement
13 and is within the range of fees awarded to class counsel under similar circumstances in other
14 cases of this type.  This motion will be considered at the Settlement Hearing.

15                    **OBJECTING TO THE SETTLEMENT**

16     You can tell the Court that you do not agree with the Settlement or some part of it.

17     **16.    How do I tell the Court that I do not like the Settlement?**

18     Any Settlement Class Member may object to the Settlement, the Plan of Allocation,
19 the application for attorneys' fees and expenses, and/or the application for reimbursement of
20 Lead Plaintiffs' compensatory award, and may also (but need not) appear at the Settlement
21 Hearing to raise such an objection.  To object, you must submit (a) a written statement
22 identifying your name, address, and telephone number, and, if represented by counsel, your
23 counsel's name and contact information; (b) proof of ownership of CGA securities during
24 the Settlement Class Period, including the number of CGA securities and the date or dates of
25 purchase; (c) a statement explaining your objection and your reasons for such objection; and
26 (d) any supporting documentation.  If you wish to appear at the Settlement Hearing, you
27 must also include a statement of intention to appear at the Settlement Hearing.  You must

28

1   send these materials by first class mail to the following addresses **by** JULY 9, 2014   [14

2   days before the Settlement Hearing]:

3

4                              The Court
                           Clerk of the Court
5                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEVADA - RENO
6        Bruce R. Thompson Federal Building & U.S. Courthouse
                          400 S. Virginia Street
7                          Reno, NV  89501

8
                        Lead Plaintiffs' Counsel
9                        Joseph E. White, III
                         SAXENA WHITE P.A.
10             2424 North Federal Highway, Suite 257
                        Boca Raton, FL  33431
11

12                      Counsel for Defendants
                        Jerome S. Fortinsky
13                  SHEARMAN & STERLING LLP
                        599 Lexington Avenue
14                      New York, NY  10022

15

16          If you do not raise an objection in the manner provided above, you will be deemed to

17   have waived any objection to the Settlement, the Plan of Allocation, the attorneys' fees and

18   expenses, and the reimbursement of Lead Plaintiffs' expenses, unless otherwise ordered by

19   the Court.

20                              **THE SETTLEMENT HEARING**

21          The Court will hold a Settlement Hearing at   10:00 a.m. on JULY 22, 2014,      in

22   Courtroom 5, at the Bruce R. Thompson Federal Building & U.S. Courthouse, United States

23   District Court, District of Nevada - Reno, 400 S. Virginia Street, Reno, Nevada 89501.  You

24   may attend the Settlement Hearing, but you do not have to.

25          At the Settlement Hearing, the Court will consider whether the Settlement is fair,

26   reasonable, and adequate.  The Court will consider any objections that have been properly

27   submitted.  The Court will also decide whether to approve the Plan of Allocation, the

28

payment of fees and expenses to Lead Plaintiffs' counsel, and the application for reimbursement of Lead Plaintiffs' expenses.  It is difficult to predict how long the hearing may take or whether the Court will make a decision on the day of the hearing or sometime later.

**17.    Do I have to come to the hearing?**

No.  Lead Plaintiffs' Counsel will be attending the Settlement Hearing on behalf of the Settlement Class.  If you submit an objection in accordance with the instructions above, the Court will consider your objection even if you do not attend the Settlement Hearing. You may attend the Settlement Hearing if you want, at your own expense, or you may send your own lawyer to attend, but it is not necessary.

**IF YOU DO NOTHING**

**18.    What happens if I do nothing at all?**

If you do nothing, you will not receive any payment from the Settlement Fund and you will be bound by the terms of the Settlement, including the release of claims against Defendants.

**GETTING MORE INFORMATION**

**19.    Are there more details about the Settlement?**

This Notice summarizes the Settlement.  More details are in the Stipulation, which has been filed with the Court.  You can obtain a copy of the Stipulation from the Clerk's office at the Bruce R. Thompson Federal Building & U.S. Courthouse, United States District Court, District of Nevada - Reno, 400 S. Virginia Street, Reno, Nevada 89501, during regular business hours, or it can be viewed or downloaded at www.chinagreensecuritieslitigation.com.  Or you may contact the Claims Administrator at (877) 803-8463 or info@chinagreensecuritieslitigation.com.

**20.    How do I get more information?**

You can call (877) 803-8463 or write to a representative of Lead Plaintiffs' Counsel, Joseph E. White, III, or go to www.chinagreensecuritieslitigation.com for additional

information regarding the Settlement or the Litigation.  *Please do not call the Court or the Clerk of the Court for additional information about the Settlement.*

### 21.   Special notice to nominees

If you hold any CGA securities purchased between May 12, 2009 and January 4, 2011, inclusive, as a nominee for a beneficial owner, within ten (10) days after you receive this Notice, you must either (1) send a copy of this Notice by first class mail to all such beneficial owners; or (2) provide a list of the names and addresses of such beneficial owners to the Claims Administrator at the following address:

> *China Green Agriculture, Inc. Securities Litigation*
> Claims Administrator
> c/o Epiq Systems, Inc.
> P.O. Box 3518
> Portland, OR 97208-3518

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.  You may be able to obtain reimbursement for, or advancement of, any reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice that would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.  Please contact the Claims Administrator for more information.

DATED: _____, 2014          BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   DISTRICT OF NEVADA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

FREDRIC ELLIOTT, Individually and on
Behalf of All Others Similarly Situated,

                     Plaintiff,

    vs.

CHINA GREEN AGRICULTURE, INC.,
*et al.,*

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:10-cv-00648-LRH-WGC

CLASS ACTION

**PROOF OF CLAIM AND RELEASE**

EXHIBIT A-2

I.      **GENERAL INSTRUCTIONS**

1.      To be eligible to recover a payment in the proposed settlement (the "Settlement") of the class action captioned *Elliott v. China Green Agriculture, Inc., et al.,* Case No. 3:10-CV-00648-LRH-WGC (D. Nev.) (the "Litigation"), you must complete and sign on page 9 this Proof of Claim and Release.  If you fail to file a properly completed and addressed Proof of Claim and Release as set forth herein your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund[1] in connection with the Settlement provided for in the Stipulation.

2.      Submission of this Proof of Claim and Release does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE ____JULY 9____, 2014 ADDRESSED AS FOLLOWS:

> *China Green Agriculture, Inc. Securities Litigation*
> Claims Administrator
> PO Box 3518
> Portland, OR 97208-3518

If you are NOT a member of the Settlement Class (as defined below and in the Notice of Proposed Settlement of Class Action (the "Notice")) DO NOT submit a Proof of Claim and Release.

4.      If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided in the Stipulation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

---

[1] As explained more fully in the March 7, 2014 Stipulation of Settlement (the "Stipulation") entered into by the parties to the Litigation; the "Net Settlement Fund" shall consist of $2.5 million minus fees, expenses and taxes.

## II.   DEFINITIONS

1.   "Settlement Class" and "Settlement Class Members" mean all persons or entities who purchased or otherwise acquired shares of China Green Agriculture, Inc. ("CGA") securities from May 12, 2009 through January 4, 2011, inclusive (the "Settlement Class Period"), and who were allegedly damaged thereby.  Excluded from the Settlement Class are Defendants and all officers and directors of CGA, and all such excluded persons' immediate family members, legal representatives, heirs, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest.  Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Notice.

2.   "Defendants" means CGA, Tao Li, Ying Yang, Yu Hao, Lianfu Liu, Yizhao Zhang and Barry Raeburn.

## III.   CLAIMANT IDENTIFICATION

If you purchased CGA common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased CGA common stock and the certificate(s) was (were) registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of CGA common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE CGA COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The social security (or taxpayer identification) number and telephone number of the

1  beneficial owner may be used in verifying the claim.  Failure to provide the foregoing
2  information could delay verification of your claim or result in rejection of the claim.

3  **IV.   CLAIM FORM**

4      Use Part II of this form entitled "Schedule of Transactions in CGA Common Stock"
5  to supply all required details of your transaction(s) in CGA common stock.  If you need more
6  space or additional schedules, attach separate sheets giving all of the required information in
7  substantially the same form.  Sign and print or type your name on each additional sheet.

8      On the schedules, provide all of the requested information with respect to ***all*** of your
9  purchases and ***all*** of your sales of CGA common stock that took place at any time between
10 May 12, 2009 and April 4, 2011, whether such transactions resulted in a profit or a loss.  You
11 must also provide all of the requested information with respect to ***all*** of the CGA common
12 stock you held at the close of trading on May 11, 2009 and at the close of trading on April 4,
13 2011, the last day of the 90-day period following the Settlement Class Period.  Failure to
14 report all such transactions may result in the rejection of your claim.

15     List each transaction during the Settlement Class Period separately and in
16 chronological order, by trade date, beginning with the earliest.  You must accurately provide
17 the month, day and year of each transaction you list.

18     The date of covering a "short sale" is deemed to be the date of purchase of CGA
19 common stock.  The date of a "short sale" is deemed to be the date of sale of CGA common
20 stock.

21     Copies of broker confirmations or other documentation of your transactions in CGA
22 common stock should be attached to your claim.  Failure to provide this documentation
23 could delay verification of your claim or result in rejection of your claim.

24
25
26
27
28

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

*Fredric Elliott, et al. v. China Green Agriculture, Inc., et al.,*

Case No. 3:10-CV-00648-LRH-WGC

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____ JULY 9 _____, 2014

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Street Address

City                                State or Province

Zip Code or Postal Code                Country

Social Security Number or          _____   Individual
Taxpayer Identification Number     _____   Corporation/Other

Area Code          Telephone Number (work)

Area Code          Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

Account Number

Email Address

- 4 -

PART II:      SCHEDULE OF TRANSACTIONS IN CGA COMMON STOCK

A.      Number of shares of CGA common stock held at the close of trading on May 11, 2009: _____

B.      Purchases of CGA common stock between May 12, 2009 and April 4, 2011, inclusive (please note, shares purchased during the 90-day period from January 5, 2011 through April 4, 2011 will be used to balance your claim only):

| Trade Date Mo. Day Year | Number of Shares Purchased | Price Per Share * | Total Purchase Price* | Transaction Type (P/R)** |
|---|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ | 3._____ |

\* Do not include commission charges
\*\* P=Purchase, R=Receipt (transfer in)

C.      Sales of CGA common stock between May 12, 2009 and April 4, 2011, inclusive:

| Trade Date Mo. Day Year | Number of Shares Sold | Sale Price per Share* | Total Sales Price * | Transaction Type (S/D)** |
|---|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ | 3._____ |

\* Do not include commission charges
\*\* S=Sale, D=Delivery (transfer out)

D.      Number of shares of CGA common stock held at the close of trading on April 4, 2011: _____

**YOU MUST READ THE RELEASE.  YOUR SIGNATURE ON PAGE 9 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

V.      SUBMISSION TO JURISDICTION OF COURT AND
        ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court, District of Nevada, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of CGA common stock during the Settlement Class Period and know of no other person having done so on my (our) behalf.

VI.     RELEASES

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as Defendants, collectively and each of them, and each of Defendant's respective family members and current, former, or future parents, subsidiaries, associates, affiliates, partners, joint venturers, officers (including, without limitation, Ken Ren), directors (including, without limitation, Robert B. Fields), principals, shareholders, members, agents, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers, reinsurers, heirs, assigns, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors, advisors, and/or any other individual or entity in which any Defendant has or had a controlling interest or which is or was related to or affiliated with any Defendant.

2.      I (We) hereby acknowledge that "Released Claims," as used herein, means any and all claims, debts, demands, liabilities, rights, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest,

attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, whether asserted directly, indirectly, or derivatively, including both known claims and Unknown Claims: (i) that have been or could have been asserted in the Litigation by the Lead Plaintiffs and/or Settlement Class Members or any of them against any of the Released Persons, including, without limitation, those concerning any statements made by any Defendant that Lead Plaintiffs allege in the Litigation were false or misleading, or any of the alleged acts, omissions, representations, facts, events, matters, transactions, or occurrences asserted in or relating to the Litigation, or otherwise alleged, asserted, or contended in the Litigation; or (ii) that relate to the purchase, acquisition, or sale of CGA securities during the Settlement Class Period by Lead Plaintiffs or any Settlement Class Member that were or might have been asserted on behalf of themselves, their heirs, executors, administrators, successors, and assigns against the Released Persons or any of them.

3.   I (We) hereby acknowledge that "Unknown Claims," as used herein, means any Released Claim that Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided that such claim arises out of or relates to the purchase or sale of CGA securities, or the decision not to request exclusion from the Settlement Class.

4.   I (We) hereby waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

1  I (We) also waive and relinquish any and all provisions, rights, and benefits conferred by any

2  law of any state or territory of the United States, or principle of common law or international

3  or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. I

4  (We) hereby acknowledge that I (we) may discover facts in addition to or different from

5  those which I (we) know or believe to be true with respect to the subject matter of the

6  Released Claims, but I (we) fully, finally, and forever settle and release any and all Released

7  Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

8  whether or not concealed or hidden, which now exist, or heretofore have existed, upon any

9  theory of law or equity now existing or coming into existence in the future, including, but not

10  limited to, conduct which is negligent, intentional, with or without malice, or a breach of any

11  duty, law or rule, without regard to the subsequent discovery or existence of such different or

12  additional facts.

13      5.      The releases herein shall be of no force or effect unless and until the Court

14  approves the Stipulation and the Stipulation becomes effective on the Effective Date (as

15  defined in the Stipulation).

16      6.      I (We) hereby warrant and represent that I (we) have not assigned or

17  transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released

18  pursuant to this release or any other part or portion thereof.

19      7.      I (We) hereby warrant and represent that I (we) have included information

20  about all of my (our) transactions in CGA common stock which occurred during the

21  Settlement Class Period as well as the number of shares of CGA common stock held by me

22  (us) at the close of trading on May 11, 2009 and at the close of trading on April 4, 2011.

23

24

25

26

27

28

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of_____
(Month/Year)

in _____
(City)                    (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.  Please sign the above Proof of Claim and Release.

2.  Remember to attach supporting documentation, if available.

3.  Do not send original stock certificates.

4.  Keep a copy of your claim form for your records.

5.  If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send us your new address.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDRIC ELLIOTT, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:10-cv-00648-LRH-WGC |
| Plaintiff, | CLASS ACTION |
| v. | SUMMARY NOTICE |
| CHINA GREEN AGRICULTURE, INC., *et al.,* | EXHIBIT A-3 |
| Defendants. | |

**TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED CHINA GREEN AGRICULTURE, INC. ("CGA") SECURITIES DURING THE PERIOD BETWEEN MAY 12, 2009 AND JANUARY 4, 2011, INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Nevada, that a hearing will be held on ____JULY 22____, 2014, at 10:00 a.m. , in Courtroom 5 before the Honorable Larry R. Hicks at the Bruce R. Thompson Federal Building & U.S. Courthouse, 400 S. Virginia Street, Reno, Nevada 89501, to determine whether: (1) a proposed settlement (the "Settlement") of claims in the above-captioned lawsuit (the "Litigation") in exchange for a payment of $2,500,000, as set forth in the March 7, 2014 Stipulation of Settlement ("Stipulation"), should be approved by the Court as fair, reasonable, and adequate; (2) the Litigation should be dismissed with prejudice as set forth in the Stipulation; (3) the plan for distributing the proceeds of the Settlement (the "Plan of Allocation") is fair, reasonable and adequate; and (4) the applications for fees and expenses should be approved.

If you purchased or otherwise acquired CGA securities during the period between May 12, 2009 and January 4, 2011, inclusive, your rights may be affected by the Settlement. You may obtain copies of the Stipulation, the Notice of Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release by writing to *China Green Agriculture, Inc. Securities Litigation*, Claims Administrator, c/o Epiq Systems, Inc., P.O. Box 3518, Portland, Oregon 97208-3518, or downloading them at www.chinagreensecuritieslitigation.com.   You must submit a valid Proof of Claim and Release postmarked no later than ____JULY 9____, 2014 to be eligible for any payment from the Settlement proceeds.

You may request to be excluded from the class by following the instructions in the Notice. Any class member who does not timely and validly request exclusion by JULY 9, 2014 will be bound by any judgment entered in the Litigation pursuant to the Stipulation.

You may object to the Settlement, the Plan of Allocation, or the applications for fees and expenses by sending (a) a written statement identifying your name, address, and

- 1 -

1  telephone number, and, if represented by counsel, your counsel's name and contact

2  information; (b) proof of ownership of CGA securities during the Settlement Class Period,

3  including the number of CGA securities and the date or dates of purchase; (c) a statement

4  explaining your objection and your reasons for such objection; and (d) any supporting

5  documentation. You must send these materials by first class mail to the following addresses

6  by _____JULY 9_____, 2014:

7  

The Court
Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA - RENO
Bruce R. Thompson Federal Building & U.S. Courthouse
400 S. Virginia Street
Reno, NV 89501

Lead Plaintiffs' Counsel
Joseph E. White, III
SAXENA WHITE P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431

Counsel for Defendants
Jerome S. Fortinsky
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022

20  If you have any questions about the Settlement, you may call (877) 803-8463, email

21  info@chinagreensecuritieslitigation.com, or contact counsel at the address listed above.

22  **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

23  **REGARDING THIS NOTICE.**

25  DATED: _____, 2014          BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
26                                   DISTRICT OF NEVADA