**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDRIC ELLIOTT, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>  vs.<br><br>CHINA GREEN AGRICULTURE, INC., *et al.*,<br><br>                  Defendants. | Case No. 3:10-cv-00648-LRH-WGC<br><br>CLASS ACTION<br><br>**ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUND** |

WHEREAS, in the above-captioned litigation, the Claims Administrator has completed the administration of the Settlement Fund, including the processing of all submitted Proofs of Claim, and is now prepared, with the approval of the Court, to distribute the proceeds of the Settlement;

WHEREAS, on August 12, 2014, the Court entered an Order and Final Judgment of Dismissal with Prejudice (Dkt. No. 166), which, *inter alia*, approved the Plan of Allocation of Settlement proceeds and retained jurisdiction over the litigation for all matters relating to the consummation of the Settlement;

WHEREAS, as set forth in the Order Preliminarily Approving Settlement, Certifying Settlement Class and Providing for Notice of Settlement (Dkt. No. 160), the deadline for Class Members to submit claims to participate in a distribution from the Net Settlement Fund was July 9, 2014;

WHEREAS, as reflected in the Declaration of Stephanie A. Thurin in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan (the "Thurin Declaration"), the Claims Administrator has completed the process of reviewing all submitted claims and has made a recommendation as to the eligibility of each submitted claim;

WHEREAS, Lead Plaintiffs Thomas Johnston, Giuliano Lazzeretti, Thuan Ly, Christina Galbraith, and Charles White (collectively, "Plaintiffs" or "Lead Plaintiffs") and the Claims Administrator now seek authorization to distribute the Net Settlement Fund to Authorized Claimants; and

WHEREAS, after reviewing Lead Plaintiffs' Unopposed Motion for Approval of Distribution of Net Settlement Fund and Incorporated Memorandum of Law, the Thurin Declaration, and all other exhibits and papers submitted in support thereof, the Court has determined that good cause exists for the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated March 7, 2014 ("Stipulation") and in the Thurin Declaration and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation or in the Thurin Declaration.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. The claims set forth in Exhibits C-1 ("Timely Eligible Claims") and C-2 ("Late But Otherwise Eligible Claims") to the Thurin Declaration are APPROVED, and the distribution of the Net Settlement Fund to the Authorized Claimants is AUTHORIZED.

4. Wholly ineligible or otherwise deficient claims, as set forth in Exhibit C-3 to the Thurin Declaration are REJECTED.

5. The six (6) Disputed Claims, as set forth in Exhibit B to the Thurin Declaration are REJECTED, as the Disputed Claims did not have a Recognized Loss under the Plan of Allocation.

6. Epiq Class Action & Claims Solutions, Inc. ("Epiq") is to conduct an initial distribution, after deducting $40,712.32 in remaining fees to itself, and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees as follows:

   a. Epiq shall calculate award amounts to all Authorized Claimants by calculating their *pro rata* share of the fund in accordance with the Plan of Allocation;

   b. Pursuant to the terms of the Plan of Allocation, Epiq shall eliminate any Authorized Claimant whose award amount calculates to less than $10.00. Such Claimants shall not receive any distribution from the Net Settlement Fund and Epiq shall send letters to those Authorized Claimants advising them of that fact;

   c. After eliminating Claimants who would have received less than $10.00, Epiq will calculate the *pro rata* distribution payments for Authorized Claimants who would have received $10.00 or more pursuant to the calculations ("Distribution Amounts");

   d. Epiq shall then prepare checks for the distribution and registers of such distributions, and send the payments by prepaid first class mail, after the list of Authorized Claimants is compared to Epiq's internal list of claimants who have been identified as

potentially fraudulent filers.  Finally, Epiq will issue replacement payments for distributions upon request by payee, and will respond to inquiries about distribution amounts and Recognized Loss Amount calculations;

   e. All Initial Distribution checks shall bear the following notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF DISTRIBUTION";

   f. Authorized Claimants who do not negotiate their Initial Distribution checks in accordance with the Plan of Allocation shall irrevocably forfeit all recovery from the Settlement.  The funds allocated to all such stale-dated checks will be available to be re-distributed to other Authorized Claimants in the Second Distribution described below.  Similarly, Authorized Claimants who do not negotiate subsequent distributions within the time allotted or on the conditions set forth in the Plan of Allocation will irrevocably forfeit any further recovery from the Net Settlement Fund; and

   g. After Epiq has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in the Thurin Declaration, but no earlier than six (6) months after the Initial Distribution, Epiq will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting Epiq's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who (1) cashed their distribution payment and (2) are entitled to at least $10.00 from the re-distribution based on their *pro rata* share of the remaining funds.

7. In order to allow a final distribution of any balance that may remain in the Settlement Fund after the distribution, whether by reason of returned funds, tax refunds, interest, uncashed

drafts, or otherwise, the following plan is ordered:

  a. If cost effective, not less than six (6) months after the Second Distribution is conducted, Epiq will conduct a further distribution of the Net Settlement Fund, pursuant to which all funds remaining in the Net Settlement Fund, after deducting Epiq's unpaid fees and expenses incurred or to be incurred in connection with administering the Net Settlement Fund (including the estimated costs of such distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to Authorized Claimants who cashed their Second Distribution checks and who would receive at least $10.00 in such further distribution. Additional re-distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Lead Plaintiffs' Counsel, in consultation with Epiq, determine that further re-distribution is not cost-effective; and

  b. At such time as Lead Plaintiffs' Counsel, in consultation with Epiq, determine that further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Plaintiffs' Counsel.

8. In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims received after October 12, 2015, from eligibility in the distribution of the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

9. The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and, therefore, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims

4

arising out of such involvement, and all Class Members, whether or not they have claimed against, they received, or they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or Lead Plaintiffs, Counsel for Lead Plaintiffs, the Claims Administrator, the escrow agent or any other agent retained by Lead Plaintiffs or Lead Plaintiffs' Counsel, and are bound by all of the terms of the Stipulation, including the terms of the Final Judgment, and will be barred from bringing any action against the Released Parties concerning the Released Claims or in connection with the administration of the Settlement, or to claim against the Net Settlement Fund for any amount greater than that allocated to such Class Member as a result of its submission of a valid proof of claim.

10. Epiq shall be paid the outstanding balance of its fees and expenses in connection with the services performed and to be performed in administering the Proofs of Claim and distributing the Net Settlement Fund in the total amount of $40,712.32.

11. Epiq is authorized to destroy the paper copies of the Proof of Claim forms one (1) year after the distribution of the Net Settlement Fund, and to destroy electronic copies of claim records three (3) years after the distribution of the Net Settlement Fund.

12. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED this 7th day of January, 2016.

_____
THE HONORABLE LARRY R. HICKS
UNITED STATES DISTRICT JUDGE